Dewey, J.
This was an action of slander for charging the plaintiff below, “in the presence and hearing of sundry persons, ” with larceny. The defendant pleaded the general issue, and several special pleas; to the latter the plaintiff replied de injuria, &c., upon which there were issues. One of the special pleas is, that the defendant spoke the words, *laid in the declaration, in giving téstimony as a witness in a certain State prosecution, before a justice of the peace, against the plaintiff for larceny Verdict and judgment for the plaintiff.
On the trial, the defendant offered evidence to prove what the testimony, given by him in the cause named in his plea, had been On the objection of the plaintiff, the Court rejected the evidence. This, we think, was wrong. The defendant had a right to support his plea; and, indeed, under the general issue, he was entitled, for the purpose of negativing malice, to show that he uttered the words, laid to his charge in the declaration, in the character of a witness. 1 Chitt. Pl., 492, 3; Stark. Ev., part 4, 874; Cutler v. Dixon, 4 Co. R., 14; Lake v. King, 1 Saund., 131.(1) To enable him to do so,, it might have been necessary for him to prove what his testimony was. The declaration does not specify the occasion on which the words were spoken. It merely says they were uttered in the presence and hearing of “sundry persons.” As the plea showed the defendant had spoken them lawfully in giving testimony as a witness, if the plaintiff could not gainsay the plea, but designed to proceed for speaking the same words on some illegal occasion, he should have new assigned that matter. 1 Chitt. Pl., 636.
The fourth plea tenders an entirely immaterial issue. As the verdict can not stand in consequence of the rejection of the tes *218 timony above referred to, that plea is set aside* with leave to the defendant to replead in its place.
C. W. Ewing and JR. Braolcenridge, for the plaintiff.
JEL. Cooper and T. Johnson, for the defendant.
One or two points are raised by the record relative to a plea sought to be withdrawn, and to an instruction asked for and refused, which are of no importance, and need not be particularly noticed.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 A suit does not lie against a witness for speaking slanderous words in giving evidence. Harding v. Bodman, Hutt., 11; Buckley v. Wood, Cro. Eliz., 230. No allegation contained in articles of the peace exhibited to justices is actionable, it being a proceeding in the course of justice. Cutler v. Dixon, 4 Co. R., 14. The exhibiting of a petition to a committee of parliament is lawful, and no action lies for it, though the matter be false and *'scandalous. Lake v. King, 1 Saund., 131, 132. No presentment of a grand jury can be libelous. 1 Hawk. P. C., 195. Libelous words, spoken or sworn in a Court of justice in a man’s own defense against a charge upon him in that Court, are not actionable. Astley v. Young, 2 Burr, 807. A barrister is not liable to a suit for words, which were spoken by him as counsel in a cause, and were pertinent to the matter in issue. Hodgson v. Scarlett, 1 B. & Ald., 232.
The defense, that the words were spoken in an innocent sense, or on a justi fiable occasion, may be proved under the general issue, because it shows the defendant not guilty of the malicious slander charged; as if the words, pertinent to the issue, were spoken, as counsel; Hodgson v. Scarlett, supra; or were spoken in confidence and without malice, as when a master honestly and fairly gives the character of a servant to one who asks it under pretense of hiring him; Bull. N. P., 8; Weatherston v. Hawkins, 1 T. R., 110; Dunman v. Bigg, 1 Camp., 269, note; or if the words were read as a story out of a history, Brook v. Montague, Cro. Jac., 90; or were spoken through concern, or in a sense not defamatory. Cromwell v. Denny, 4 Co. R., 12, and note. The rule? of pleading, W., 4, do not require the defense of privileged communication tc be specially pleaded. Lillie v. Price, 5 Adol. Ell., 645.