GROVE
v.
BRANDEN-
BURG.

---

GROVE *v.* BRANDENBURG.

*A.* cannot sustain a suit against *B.* for procuring another to sue him, *A.*, unless the suit against *A.* was without cause.

A witness is not liable to a suit for evidence given by him in a cause.

Monday,
July 29.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—Trespass on the case. The declaration contains two counts. The first count is to the following effect : That the defendant wickedly intending to injure the plaintiff, &c., on, &c., falsely and maliciously informed one *Archibald Estep*, that the plaintiff had said that he, *Estep*, was a horsethief; that, by means thereof, the defendant did then and there, wickedly and maliciously, procure *Estep* to prosecute the plaintiff in slander for the supposed speaking of said words ; that, afterwards, when said action came on to be tried, the defendant, with the intent aforesaid, procured himself to be examined as a witness, and did then and there falsely, corruptly, and maliciously, swear on the trial that the plaintiff had spoken the said slanderous words as aforesaid ; that by means of said action and perjury, *Estep* obtained a verdict and judgment against the plaintiff; and that the plaintiff had therefore to expend a large sum of money, &c. The second count is similar to the first, except that it does not charge the defendant with having been a witness in the suit by *Estep* against the plaintiff, nor state what was the result of the trial in that suit.

General demurrer to the declaration, and judgment for the defendant.

Both counts in this case charge the defendant with falsely

and maliciously procuring *Estep* to sue the plaintiff in an action of slander; and the first count also charges the defendant with perjury, in swearing as a witness on the trial of that suit that the plaintiff had spoken the slanderous words.

The law is said to be, that if one procures another to sue me *without cause*, an action lies not against him who sued without cause; but that for this falsity in procuring my vexation an action well lies. *Perren* v. *Bud*, Cro. Eliz. 793. *Savil* v. *Roberts*, 1 Salk. 13. It must be observed that the suit for vexation, &c., cannot be sustained, unless there was no cause for the action which was procured to be instituted. In the present case, the first count is bad, because it shows, by the verdict and judgment set out, that there was a good ground for *Estep's* action; and the second is bad for not alleging the failure of that action.

The charge of perjury against the defendant in giving testimony, &c., alleged in the first count, does not aid the plaintiff. See *Nelson* v. *Robe*, 6 Blackf. 204, and note.—*Harding* v. *Bodman*, Hutton, 11.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Sleeth*, for the plaintiff.

*C. H. Test* and *J. S. Reid*, for the defendant.