### ROWAN v. BUTLER ET AL.

[No. 21,082. Filed October 8, 1908.]

1. ARMY AND NAVY.—*Soldiers' Homes.*—*Government of.*—The governor of a national soldiers' home has charge of the occupants thereof in like manner as an officer of the army has charge of his soldiers, and, in the preservation of discipline, may make and enforce any proper order designed to secure such end. p. 31.

2. INTOXICATING LIQUORS.—*Sales of, in Restaurant.*—Under §2498 Burns 1908, Acts 1905, pp. 584, 723, §583, prohibiting the sale or gift of liquor within one mile of any national or state military home, it is unlawful to sell or give away such liquor at a restaurant located within such distance. p. 31.

3. ARMY AND NAVY.—*National Soldiers' Homes.*—*Governor's Orders.*—*Conspiracy.*—Where the governor of a soldiers' home issues a lawful order, in good faith and without malice, forbidding the occupants of such home from entering a certain place, the enforcement of such order by the police does not render such parties liable to an action in conspiracy. p. 31.

4. PLEADING.—*Complaint.*—*Conspiracy.*—*Malicious Interference.*— A complaint alleging that the defendant governor of a national

soldiers' home issued an order forbidding the occupants of such home from entering plaintiff's restaurant, called by such governor a saloon, and that the defendant policemen conspired with such governor to enforce such order, to plaintiff's damage, but failing to allege that plaintiff did not sell liquors in such restaurant, does not state a cause of action. p. 32.

5. PLEADING.—*Complaint.—Facts.—Inferences.—Evidence.*—In considering facts in evidence, violations of law will not be presumed; but in pleading, only the necessary inferences from the facts alleged will be indulged. p. 32.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by James Rowan against Newton Butler and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*John A. Kersey,* for appellant.

*Joseph B. Kealing,* United States Attorney for the District of Indiana, and *Jesse J. M. LaFollette,* Assistant United States Attorney for the District of Indiana, for appellees.

MONTGOMERY, J.—Appellant alleged that he was the owner of a certain tract of ground adjoining the Marion Branch of the National Home for Disabled Volunteer Soldiers, upon which he had made an enclosure as a park and place of resort and amusement and constructed a building, wherein he conducted a restaurant; that said home was inhabited by about twenty-five hundred persons, many of whom patronized appellant's place of business; that appellant relied mainly for patronage upon the inhabitants of said home and derived therefrom a net profit of $10 per day; that appellee Steele was the governor of said home, and the owner of a tract of land adjoining appellant's tract, and, prior to the grievances complained of, was trying to purchase and make an exchange for appellant's lands; that the appellees Butler, Shaw and Truitt were inhabitants of the home, and under the influence and control of the governor, and had been sworn into the service of the State as patrolmen by the police authority of the city of Marion; that the inhabitants of the home were sub-

ject to. the rules and regulations thereof and the special orders relative thereto made by the governor for the enforce-· ment of discipline; that a guard-house and dump were maintained on the grounds of the home, and disobedience of the rules, regulations and special orders· was frequently punished by confinement in the guard-house and by work on the dump; that appellees conspired to characterize· appellant's restaurant as a saloon, so as to prevent the inhabitants of said home from patronizing the same and to destroy his business, and in pursuance of such conspiracy Steele promulgated the following special order:

"Marion Branch of the National Home for Disabled Volunteer Soldiers.

June 16, 1906, Special Order No. 20.

Members of this home are forbidden to enter Rowan's saloon, or the enclosure within the high board fence that has recently been constructed adjacent thereto.

George W. Steele, governor."

That by the words "Rowan's saloon" in this order appellee Steele meant appellant's restaurant; that Steele placed copies of the order in the hands of his coäppellees, and caused them to go outside the home and patrol the street in . front of the restaurant, and to exhibit such order to residents of the home and to others when approaching for the purpose of patronizing appellant's restaurant, and caused certain members of the home who did patronize said restaurant, in disobedience of said order, to be imprisoned in the guard-house and to work on the dump, and thereby intimidated and prevented such inhabitants from patronizing appellant's restaurant, to his great damage.

Appellees' demurrer to the complaint, on the grounds that the same did not contain facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the persons of appellees, or of the subject-matter of the action, was sustained, and appellant declining to amend or to plead further, judgment for costs was rendered in favor of the appellees.

The only assigned error is in sustaining the demurrer to the complaint.

It is enacted that all persons admitted to the home, provided and maintained by the national government, shall be subject to the rules and articles of war in the same manner as soldiers in the army. §§4824, 4835 R. S. U. S. 1878, 3 U. S. Comp. Stat. 1901, §§4824, 4835. The governor of the home, under these articles, has charge of the inmates in like manner as an officer in the army has charge of the men under his command. It is his duty to maintain such discipline as will secure and preserve good order and promote the well-being of those under his control. He is authorized to make such special orders as are deemed proper to secure these ends. If, in connection with his restaurant, appellant operated a saloon, and sold or gave away intoxicating liquors, such business was illegitimate and in violation of §2498 Burns 1908, Acts 1905, pp. 584, 723, §583. If the inmates of the home, while in appellant's place, were permitted, by any device, to procure liquor, or were afforded degrading and immoral amusements, or exposed to any improper temptations, it would be the imperative duty of the governor to prevent their visits to such place.

We are not to be understood as assuming that improper pratices were permitted by appellant, or that he wrongfully supplied intoxicating liquors to the inmates of the home. This suit is grounded primarily upon the act of appellee Steele, and the charge of conspiracy does not materially change the nature of the action or add anything to its legal force and effect. If the conduct of Steele was not actionable then it could not be made so because others coöperated with him in pursuance of an agreement. What one may lawfully do singly, two or more may lawfully agree to do jointly. It clearly appears from the complaint that Steele was governor of the soldiers' home, and as such issued special order No. 20. He was acting within the scope

of his authority, and if he believed in good faith that appellant was conducting a saloon upon the premises mentioned, he could not be held liable for so stating, and for prohibiting its patronage by the men under his control. In order to make the official order in question wrongful, it must have been false in substance, and have been promulgated and enforced with knowledge of its falsity and with a malicious purpose. *Henry* v. *Moberly* (1893), 6 Ind. App. 490, 499; *Wildee* v. *McKee* (1886), 111 Pa. St. 335, 2 Atl. 108, 56 Am. Rep. 271; *Smith* v. *Nippert* (1890), 76 Wis. 86, 44 N. W. 846, 20 Am. St. 26; *Wilkes* v. *Dinsman* (1849), 7 Howard *89, 12 L. Ed. 618; 8 Cyc., 650.

The pleader studiously avoided any allegation of falsity, bad faith or malice, and still attempts to sustain his pleading. Counsel contends that since it is alleged that 4. appellant conducted a restaurant in a particular place, and appellees styled such place a saloon, the falsity of the order necessarily appears. This contention cannot be upheld. It is conceded by demurrer that appellant conducted a restaurant as alleged, and yet, in the absence of denial, it might be true that he conducted a saloon, or suffered liquors to be kept and supplied to patrons upon the same premises and in the same building. It would have imposed no hardship upon appellant to state the nature and character of all the business carried on, and of all the amusements furnished upon his premises, and to allege, if true, that he conducted a restaurant and no other business, and that no intoxicating liquors were kept or supplied upon such premises. It is true that, in the consideration 5. of evidence, the violation of law and bad character will not be presumed; but, in determining the sufficiency of pleadings, only inferences necessarily arising from facts alleged will be indulged. It is quite clear that this complaint comes far short of stating facts sufficient to constitute a cause of action. This being true, we need not

and do not pass upon the other grounds of demurrer, but hold that the court below did not err in adjudging the complaint insufficient.

The judgment is affirmed.