## HERMON v. JOBES ET AL.

[No. 26,167. Filed November 21, 1935.]

*Seth Ward,* for appellant.

*Fenton, Steers, Beasley & Klee* and *Noel, Hickam, Boyd & Armstrong,* for appellees.

TREMAIN, J.—This action was filed by the appellant against the appellees in the Marion Superior Court. It is alleged in the complaint that the appellee, Jobes, is a physician residing in the city of Indianapolis; that the appellee, Automobile Underwriters, Inc., is attorney in fact of a reciprocal insurance association and a carrier of casualty and indemnity insurance; that appellee, Pope, is a resident of Lawrence county, Indiana, and carried casualty and indemnity insurance with his co-appellee, Automobile Underwriters, Inc.; that on July 19, 1930, the appellant was in a garage in Bedford, Indiana, when the appellee, Pope, unlawfully, negligently, and carelessly backed his automobile against and upon the appellant, as a result of which appellant sustained permanent injuries; that on account of said injuries, appellant filed an action in the Lawrence Circuit Court against the appellee, Pope, in which he demanded damages in the sum of $12,500;.that the cause was put at issue and tried before a jury in Lawrence county, resulting in a verdict for the defendant.

It is further alleged:

"that when said action approached its trial, these defendants wrongfully and unlawfully conspired, confederated and agreed together to make a false and malicious defense of said case, and to defeat the same with false witnesses and perjury and to that end it was arranged and agreed between them that said Jobes should be called as an expert witness for the defense, and that he should falsely and wrongfully testify in effect that this plaintiff had suffered no substantial injury in the premises and that this plaintiff was simulating and was falsely pretending to have suffered injuries which did not exist and never had existed; that in furtherance of said conspiracy, said Jobes went upon the witness stand on the trial of said cause in said Lawrence Circuit Court, and, being duly sworn as a witness, he falsely and wrongfully testified to the effect that this plaintiff had suffered no substantial injury . . . and was falsely pretending to have suffered injuries. . . ."

Appellant alleged that because of said false and wrongful testimony given by Jobes, the jury returned a verdict for the defendant, and by reason thereof, he was damaged in the sum of $12,500, for which he demanded judgment.

The appellees addressed separate and several demurrers to said complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. The memorandum to the demurrer presented to the court, in different forms, the insufficiency of the complaint, claiming that no action lies to recover damages, alleged to have been sustained by reason of an adverse result in another law suit, alleged to have been caused by perjury of the appellee, Jobes, while testifying as a witness in such other law suit; and that the allegation, that perjury upon the part of appellee, Jobes, was committed pursuant to a conspiracy, added nothing to appellant's cause of action.

The appellees' demurrers were sustained to the complaint. Appellant refused to plead further and judgment was rendered against him, and he perfected this appeal.

The question presented for consideration is: Can a litigant, defeated in a tribunal of competent jurisdiction, maintain another action for damages against an adverse witness on the ground that the defeat was due to false testimony? Added to that question may be considered the charge of conspiracy upon the part of the original defendant, Pope, and his insurer. However, the cardinal question is whether or not a cause of action for perjury can be maintained.

In support of his complaint the appellant relies chiefly upon *Verplanck* v. *Van Buren et al.* (1879), 76 N. Y. 247. That action was maintained upon a charge that false entries had been made in bookkeeping and false testimony given at the trial to defeat the original action.

The reported case was based upon said false entries and false testimony. In upholding the action the New York court said (p. 261):

"Nor does the fact that the combination and fraud was brought to a successful end, by the false testimony produced upon the trial, make the case obnoxious to the rule that there can be no civil action for perjury or subordination of perjury. The false testimony is not the sole moving factor in the cause of action. The fraudulent purpose or intent, formed before the accounting and trial, the fraudulent concoction of the unreal contracts with Kendall, and the false entries in the books of account, are the chief bases of the cause of action. The acts of the defendants upon the trial are but a part of an entire transaction."

The rule in this state and in most of the courts in this country does not sustain appellant. To permit the maintenance of such action would sanction a collateral attack upon judgments in other causes. In *Shultz* v. *Shultz et al.* (1893), 136 Ind. 323, 36 N. E. 126, a conspiracy was alleged which resulted in wrongfully obtaining property through illegal proceedings. It was there held that an action for damages for fraudulently obtaining a judgment cannot be maintained by a party thereto so long as such judgment stands, because a judgment for damages would operate as an impeachment of the first judgment. The first judgment imports absolute verity as to every proposition of law and fact essential to its existence against all the parties to it; as long as the original judgment stands "It imports that it was just, equitable, lawful, and right to set aside appellant's deed and subject the property to sale to pay the debts of her husband, with absolute verity. That being true, for the purposes of this cause, it makes no difference how wicked the conspiracy was that is charged against all the parties to bring about that result." The first judgment should have been set aside in a direct action for

that purpose, if it had been procured by fraud. It was held that before a complaint can be sufficient, it should show a state of facts presenting the plaintiff's inability to set aside the original judgment by some appropriate proceedings known to law; that if fraud was perpetrated upon her (the appellant therein) she can only relieve herself of that fraud in a direct proceeding to vacate the judgment.

It was held in *Grove* v. *Brandenburg* (1844), 7 Blackf. 234, that an action will not lie to recover damages alleged to have been sustained because of false testimony in another civil suit resulting in a judgment against the plaintiff.

The allegation in the appellant's complaint that the appellee, Jobes, gave perjured testimony in the prior action, which was induced by the conspiracy of the appellees, adds nothing to appellant's cause of action. *Rowan* v. *Butler* (1908), 171 Ind. 28, 85 N. E. 714; *Norton* v. *Union Traction Co.* (1915), 183 Ind. 666, 110 N. E. 113; *Jackson* v. *Morgan* (1912), 49 Ind. App. 376, 389, 390, 94 N. E. 1021.

The question as to the right to recover damages on account of false testimony given in another civil suit has been passed upon in several jurisdictions. In *Dunlap* v. *Glidden* (1850), 31 Me. 435, an action was filed against certain defendants charging conspiracy to cheat the plaintiff in a land transaction, and for false testimony given by said defendants in an action instituted by them whereby a judgment was rendered which defeated the plaintiff's title. In denying the right to recover, the court said (p. 439) :

"If the judgment was obtained, as is contended, by fraud and perjury, the plaintiff has ample remedy by law. The court, which rendered the judgment, upon proof of these allegations, would be bound to grant a new trial, so that upon a further investigation justice might be done. The witnesses,

if guilty, might be indicted for perjury, and so might all those be indicted, who had unlawfully conspired together to deprive the plaintiff of his rights, and their conviction would afford the most convincing evidence, that a review of the action should take place."

Also see *Godette* v. *Gaskill* (1909), 151 N. C. 52, 65 S. E. 612, 24 L. R. A. (N. S.) 265, in which the North Carolina Court reviewed the history of such actions from early English cases down to modern times. Among other cases cited is *Grove* v. *Brandenburg, supra.* It is there shown that the courts have held uniformly that such actions cannot be maintained and said (p. 53) :

". . . it would multiply and extend litigation if the matter could be re-examined by a new action between a party to the action and a witness therein; and, more than that, witnesses would be intimidated if their testimony is given under liability of themselves being subjected to the expense and annoyance of being sued by any party to the action to whom their testimony might not be agreeable. . . .

"Witnesses who swear falsely are liable to indictment. . . . but if a civil action lay in such cases, a litigant smarting under the loss of his suit could subject witnesses to the annoyance and expense of litigation at will. Such action did not lay at common law. . ."

An action was brought against a party to a prior suit and a witness therein for giving false testimony in the case of *Stevens* v. *Rowe* (1880), 59 N. H. 578, and it was held that such action would not lie. It was said that reasons of public policy and uniform authority forbid the attacking and impeachment of a judgment in that manner; that the plaintiff's only remedy was an equitable proceeding to set aside the judgment or a motion for a new trial and appeal in which the question is reserved for the court's action. That court said (p. 579) :

"Though not a party to the former suit and judgment, the merits of that judgment cannot be re-

examined by a trial of the witnesses' testimony in a suit against him. The procedure, if permitted, would encourage and multiply vexatious suits, and lead to interminable litigation."

*Smith* v. *Lewis* (1808), 3 Johns. (N. Y.) 157, holds that such actions are against public policy and are productive of endless litigation.

The appellant undertakes to show that by reason of the action of the trial court in sustaining the demurrer to his complaint, he was deprived of a constitutional right granted to him by §12 of the Bill of Rights, which provides that:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. . . ."

That section of the Constitution was satisfied by the trial upon the merits of the plaintiff's cause of action in the Lawrence Circuit Court and by his trial in the Marion Superior Court, where the demurrer was sustained to his complaint. It does not follow, by any means, that appellant's constitutional rights have been denied because the court sustained a demurrer to his complaint.

It appears affirmatively from the averments of the complaint that the appellant had his day in court in the Lawrence Circuit Court. The verdict and the judgment were against him. He predicates the right to maintain his action in the Marion Superior Court solely because of the alleged perjured testimony of Dr. Jobes, given upon one phase of the law suit only—the extent of the appellant's injuries. Upon that trial the appellant had full opportunity, as far as his complaint shows, to have refuted the testimony of Dr. Jobes, and to have exposed him to the court and jury for his alleged false testimony. It may have been the honest opinion of the doctor that the appellant was simulating. Other doctors may have either sustained or disputed his testimony.

It is a matter of common knowledge among lawyers that eminent physicians and surgeons honestly disagree as to the extent and nature of injuries. There is no allegation in the complaint attributing any false testimony given by the doctor or any other person upon the vital question of the negligence of appellee, Pope. That question was fully and finally adjudicated in the Lawrence Circuit Court, the effect of which was to hold that Pope was not negligent and not responsible for the appellant's injuries.

The courts will not encourage continuous litigation. If the appellant's complaint had been held sufficient upon demurrer, and a trial afforded him, before a jury, in the Marion Superior Court, resulting in an adverse verdict and judgment, he would have been in a position to maintain another action based upon what he may have considered false testimony, which contributed to his loss. There would be no end to the litigation.

The trial court properly sustained the demurrer to the complaint. Judgment is affirmed.