## Barlow *versus* Beall.

The memoranda on the margin of the docket and execution naming the attorney in the case, are not a part of the record so as to charge a purchaser of land from such person as sheriff's vendee, with notice that such vendee was the attorney of the plaintiff, in the judgment and execution, and therefore was a purchaser at the sheriff's sale of the premises, *in trust for the plaintiff*: Such memoranda are not properly a part of the record.

ERROR to the District Court of *Allegheny county.*

This was an action of ejectment by Beall *v.* Barlow, the landlord, and Read, his tenant, to recover a lot of ground in Allegheny city.

The question was, whether Barlow, from the record itself, was visited with notice that the person from whom he purchased the lot in dispute was the attorney of Trainer's heirs, when the said person purchased the lot at sheriff's sale.

The lot had been the property of Schoyer, who conveyed to Seville, by deed dated 20th October, 1836. Judgment was had in favor of Schoyer *v.* Seville for $480, being No. 186, of July Term, 1837. The judgment was for the use of *Trainer*, and the

[Barlow v. Beall.]

attorney, named on the margin of the record as counsel for the plaintiff, became the purchaser of the lot at sheriff's sale, on 29th January, 1844, it having been sold on execution on that judgment; and on 14th May, 1846, he received a deed for the lot in his own name from the sheriff. As attorney of the plaintiff in the execution, he receipted to the sheriff, and thus the amount of his bid was settled. He afterwards, viz., on 8th July, 1848, conveyed the lot to Douglas, who conveyed to Barlow, under whom Read was a tenant.

After the purchase of the lot by the attorney, it was again sold by the sheriff, under a judgment against Trainer (the time of sale was not stated on the paper-book), and at that sale Beall, the plaintiff in this ejectment, was the purchaser.

The question reserved by the Court was, whether Barlow was protected against the claim of Trainer, or of the plaintiff claiming under him.

LOWRIE, J., entered judgment in favor of the *plaintiff* on the reserved point; and the entry of such judgment was assigned for error.

*Dunlop*, for plaintiff in error.

*Wills* and *McClowry*, for defendant.

The opinion of the Court, filed 24th March, 1853, was delivered by

LOWRIE, J.—The simple question is, are the memoranda on the margin of the docket and execution, naming the attorney in the cause, so far a part of the record as to charge a purchaser of land from or under a sheriff's vendee with notice that such vendee was the attorney of the plaintiff, and therefore a purchaser in trust for him? In other words, when a person is buying land which has a sheriff's deed in its chain of title, must he examine the records of the Court, to see whether the sheriff's vendee was the plaintiff's attorney in the judgment on which the sale was made, and then, if he was, inquire whether he purchased the land with his own money or with the plaintiff's?

In the Court below, this question was improperly answered in the affirmative. Such a decision extends too far the doctrine of constructive notice, adds greatly to the uncertainty of titles under sheriffs' sales, and to the difficulty of deciding upon them, and requires purchasers to be suspicious, even where all seems to be honest. Every presumption is made in favor of the subsequent purchaser; and hence, even a recorded deed is no notice to him, if it be improperly acknowledged; and recitals, even in the very deed under which he claims, are not, without caution and many exceptions, to be held equivalent to notice: 6 *W. & Ser.* 469.

[Barlow *v.* Beall.]

And here there is no evidence *on the record* that the attorney receipted for the proceeds of the sale, and, without it, it may be doubted whether the fact that he issued the execution is even evidence, by itself, that he controlled the sale. The plaintiff may have done it himself, and then the attorney could not be held as trustee by implication. If he is held as trustee because he used his client's money in buying the land, then it is entirely a secret trust, of which the subsequent purchaser must appear to have had actual notice. The memoranda on the dockets and writs, marking the attorney's name, are put there for a mere temporary purpose, to show who, during the progress of the cause, acts for the parties. They do not import verity, as a record does, and they are often untrue. They are not properly part of the record, and if the preceedings were formally enrolled, or a copy of them formally prepared and certified, these entries would not appear. That only which is necessary to a complete record is properly a part of it, for the purpose of notice to third persons.

> Judgment reversed, and judgment in favor of the defendants below, on the point reserved.