## Haggerty, Appellant, *v.* Moyerman et al.

556

Argued January 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Frederick V. Hebard,* for appellant.

*Yale L. Schekter,* with him *Cuthbert H. Latta, Jr.,* and *MacCoy, Brittain, Evans & Lewis,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 30, 1936:

Plaintiff, Delia M. Haggerty, appeals from the dismissal by the court of her bill in equity against Samuel Moyerman and the Krakauer Building and Loan Association. The bill seeks to have cancelled and satisfied of record a bond and mortgage held by the defendant association and secured upon premises owned by the plaintiff, and asks for an award of damages against the defendant Moyerman. The facts found by the court below are not questioned. Plaintiff assigns as error the over-

ruling of her exceptions to the conclusions of law and the final decree entered by the court in banc.

On October 3, 1925, plaintiff was the owner of two properties, 508 and 510 North 32d Street, in Philadelphia. On that date plaintiff entered into a written contract with the Cramer Oil Burner Company for the installation of an oil burner at 510 North 32d Street. The contract contained a warrant of attorney to confess judgment in the event of a default in payment. The oil burner was duly installed, and prior to November 5, 1925, plaintiff paid in full the amount due under this contract. On the latter date plaintiff entered into a similar contract for the installation of an oil burner at 508 North 32d Street, but she refused to make full payment on this contract for the reason that the fire marshal of Philadelphia had ordered her to discontinue the use of the oil burner. Although plaintiff had already paid in full the contract price for the equipment installed at 510 North 32d Street, the Cramer Oil Burner Company, on December 10, 1925, assigned its interest in this contract to the Lamar Trading Company, covenanting at the same time that the sum of $74 was "justly due and owing" under the contract. Subsequently, on February 8, 1926, the defendant Moyerman, acting as attorney for the Lamar Trading Company, caused judgment to be confessed against the plaintiff by virtue of the warrant contained in the contract. Damages were assessed in the amount of $94.18.

On August 18, 1926, Moyerman caused a writ of fieri facias to be issued upon the judgment to sell the real estate belonging to plaintiff at 508 and 510 North 32d Street and both properties were sold at sheriff's sale for $75 to Moyerman as attorney on the writ. At the time of the sale each of the properties was assessed for taxation at $6,500. Thereafter Moyerman assigned his bid to one Charles J. Young, as his nominee, and on October 7, 1926, a duly acknowledged sheriff's deed conveying both properties to Young was recorded. Young executed

a mortgage on 508 North 32d Street to the Yonah Building and Loan Association for $4,500, and it is admitted that all the proceeds were paid to Moyerman. Two weeks later Young executed another mortgage on the same premises to the Krakauer Building and Loan Association for $6,500. The money so received was used in part to satisfy the Yonah mortgage and the balance was paid to Moyerman. At the same time Young placed a mortgage on 510 North 32d Street with the Krakauer Building and Loan Association for $3,500 and the proceeds of this mortgage were also paid to Moyerman. It would appear, therefore, that Moyerman had profited from these transactions to the extent of almost $10,000.

After the institution of the present proceeding Moyerman caused the two properties to be reconveyed to the plaintiff and paid off the mortgage of $3,500 on 510 North 32d Street which was duly satisfied of record. However, the mortgage of $6,500 on 508 North 32d Street held by the defendant association remains unpaid. This mortgage is still of record against the property and it is to cancel and satisfy it that this bill was filed.

The plaintiff has been at all times and continues to be in undisputed possession of both properties. Although it is established that she had notice of all the steps taken against her and of the sale of her properties, she took no action to protect her rights until September 11, 1928, when she brought this suit.

The above facts, which were found by the chancellor and affirmed by the court in banc, show that plaintiff was the victim of a gross fraud. Although the judgment against her was valid on its face, Moyerman's conduct in levying upon not one but two properties of an assessed value of $6,500 each was clearly fraudulent. While it is true that a judgment creditor has an unquestioned right to issue execution, levy upon and sell real estate belonging to his debtor in the manner prescribed by law, it is equally true that this right may be so unconscion-

ably exercised as to amount to an abuse of legal process: *Sommer v. Wilt,* 4 S. & R. 19. Such is the situation before us. It is clear from the record that Moyerman's sole object in this whole proceeding was to enrich himself at the expense of this unfortunate plaintiff. This is conclusively shown by the fact that he caused two properties, totaling $13,000 in assessed value, to be levied upon and sold to satisfy a judgment of less than $100. The motives which prompted such conduct can be described only as an intention to defraud. Moreover, Moyerman was then an attorney at law, an officer of the courts, who, of all persons, is not to be allowed to take advantage of one ignorant of his rights. Equity is not powerless to correct such a wrong. We hold therefore that the court below erred in dismissing that portion of plaintiff's bill asking an accounting and an award of damages against the defendant Moyerman.

Although the levy and sale were a fraud on plaintiff's rights, it does not necessarily follow that plaintiff is entitled to satisfaction of the mortgage held by the defendant association. This mortgage was placed on the property by Young, and the association, in lending the money, relied upon the strength of his title. Unless the association had knowledge of Moyerman's fraud, or unless Young's title was upon its face so defective as to give notice of this fact, the association is in the position of an innocent purchaser for value, and is not to be visited with loss because of plaintiff's failure promptly to protect her interests. A purchaser of land who pays value for it, or a mortgagee who lends money upon the security of the title of a mortgagor, and who has neither actual nor constructive knowledge of any claims of third parties holds the title or lien so acquired free of any such secret equities: *Stonecipher v. Keane,* 268 Pa. 540, 546; *Salvation Army v. Lawson,* 293 Pa. 459; *Puharic v. Novy,* 317 Pa. 199. This is but an application of the fundamental principle that where one of two innocent persons must suffer, he whose neglect made the injury pos-

sible should bear the loss: *Spragg v. Shriver*, 25 Pa. 282, 285; *Puharic v. Novy,* supra.

So far as actual notice is concerned, the record is barren of any indication, and we do not understand plaintiff to contend, that at any time prior to the bringing of this bill the Krakauer Building and Loan Association knew of the fraud which Moyerman had practiced upon plaintiff. And, so far as constructive notice of his fraud is concerned, the only place where the association might have gained such notice is from the state of the record upon which Young's title was based. That title depended upon the sheriff's sale and the deed which followed, and the record was free of any defect. The fraud incident to the sale appears only from a consideration of collateral matters relating to the levy and sale; hence it cannot be said to be apparent from the face of the record. Moreover, the public policy protecting judicial sales does not require purchasers of a title dependent upon such a sale to scrutinize the record so minutely as to determine whether any inference of fraud arises from it: *Barlow v. Beall,* 20 Pa. 178. Since the Krakauer Building and Loan Association was not chargeable with notice of the fraud upon which Young's title was founded, the lien which it acquired on the property when it lent money to him must remain until satisfied.

In the view which we have taken of the findings of the chancellor, which were confirmed by the court in banc, it is unnecessary to discuss the other contentions urged by counsel.

As to the defendant Krakauer Building and Loan Association, the decree of the court below is affirmed; as to the defendant Samuel Moyerman, the decree of the court below is reversed, the bill is reinstated, and the record is remitted to the court below with directions to enter a decree in accordance with the views herein expressed: costs to be paid by the defendant Samuel Moyerman.