STATE EX REL. ALLEN *v.* FAYETTE CIRCUIT COURT, ET AL.

[No. 28,471. Filed October 27, 1948.]

*Rosenberg* and *Dawson,* both of Indianapolis, and *Leroy C. Hanby,* of Connersville, attorneys for relatrix.

*Allen Wiles, Judge, Himelick* and *Himelick, Clarence*

*S. Roots,* and *George L. Kerrigan,* all of Connersville,
attorneys for Respondents.

EMMERT, J.—This is an original action under § 3-
2201, Burns' 1946 Replacement (Acts 1881, (Spec.
Sess.), ch. 38, § 803, p. 240; 1911, ch. 223, § 1, p. 541;
1915, ch. 87, § 1, p. 207; 1933, ch. 102, § 1, p. 688), to
mandate the Fayette Circuit Court to grant a change
of judge in a habeas corpus action. From the petition
and return thereto it appears that on the 26th day of
July, 1948, the relatrix filed a verified petition in the
Fayette Circuit Court for a writ of habeas corpus,
alleging that she was held in the custody of the sheriff
of Fayette County under a void order of the Juvenile
Court of Fayette County, and under a void order com-
mitting her for contempt of said Juvenile Court, and
also under an order committing her to jail in default
of a $2500 bond, which she alleged was excessive, to
answer a criminal charge of child stealing.

On the same day the petition for writ of habeas
corpus was filed in the Fayette Circuit Court, the
writ was issued directed to the sheriff of Fayette
County returnable the 31st day of July, 1948, at 9:00
o'clock A. M. Immediately following the order for the
writ, the relatrix filed a verified motion for change of
judge, and demanded that the court immediately grant
the same, which the court refused to do at that time,
but held the ruling on the motion for change of judge
in abeyance. On July 27, 1948, the alternate writ of
mandate was sought and obtained from this court.

A writ of habeas corpus is an ancient common law
remedy for imprisonment without just cause, the
origin of which is obscure by reason of its
great antiquity. Harold Hulme, *Our American
Heritage: Freedoms Derived from the English
Constitution* 32 Am. Bar Assn. J. 849, 851; 25 Am.

Jur. 144, 145, § 3; 29 C. J. 7, § 1; 39 C. J. S. 426, § 1. By virtue of its recognition in the Bill of Rights of the Constitution of Indiana, the privilege of the writ exists independent of the statute and flows from our constitution for the protection of all whose liberty may be restrained under unlawful authority. The common law origin of the writ is recognized in *Wright* v. *The State* (1854), 5 Ind. 290, 294, as follows:

> ". . . Its great object is the liberation of those who may be imprisoned without just cause, and it has been so favorably regarded in this country, that the provisions of the *English* act, 31 *Charles* 2, chap. 2, have been substantially adopted by the several states. We have even gone further, and by the 27th section of the bill of rights in our constitution provided, that 'the privilege of the writ of *habeas corpus* shall not be suspended, except in case of rebellion or invasion; and then only if the public safety demand it.'"

Although the Legislature has made and provided reasonable regulation for its use (§§ 3-1901 to 3-1925, Burns' 1946 Replacement), the writ is not a statutory remedy in a strict sense of the term, but rather a remedy recognized and continued by the Constitution.

"It is the prevailing view that habeas corpus is, in its nature, a civil rather than a criminal proceeding, even though sought in behalf of one charged with, or convicted of, crime." 25 Am. Jur. 151, § 12. See also 29 C. J. 8, § 1; 39 C. J. S. 426, § 1.

The respondent takes the position that no change of judge may be had on a habeas corpus proceeding under the authority of *Garner* v. *Gordon* (1872), 41 Ind. 92.[1] However, since that time the statutory authority for change of judge has been en-

[1] The holding of this case that the petition for writ of habeas corpus was not a "civil action" was approved in *McGlennan* v.

larged. Section 2-1402, Burns' 1946 Replacement (Acts 1913, ch. 122, § 1, p. 314; 1929, ch. 6, § 1, p. 12), provides:

"When a matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one (1) or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. . . ."

The petition for writ of habeas corpus presents a "matter of a civil . . . nature not triable by a jury," even though the remedy is summary (§ 3-1917, Burns' 1946 Replacement (Acts 1881, Spec. Sess., ch. 38, § 789, p. 240), and special in character, so that it is not a "civil action" under § 2-1401, Burns' 1946 Replacement (Acts 1881, Spec. Sess., ch. 38, § 255, p. 240), and as such not being subject to a verified motion for a change of venue from the county. *Johnston* v. *State* (1937), 212 Ind. 375, 8 N. E. 2d 590, 10 N. E. 2d 40. We are of the opinion the change of venue from the judge may be had under § 2-1402, Burns' 1946 Replacement, in a proceeding for a writ of habeas corpus.

The sheriff was a party defendant in the proceedings for a writ of habeas corpus, which was commenced when the Fayette Circuit Court was in vacation. Rule 1-12 of this court makes a special provision when a change of judge is sought in vacation and requires, "When a change of judge is sought in vacation, the opposite party shall have three days notice thereof." The three days notice to the sheriff

*Margowski* (1883), 90 Ind. 150; *Milligan* v. *The State, ex rel. Children's Home of Cincinnati, Ohio* (1884), 97 Ind. 355; *McDonald* v. *Short, Supt.* (1921), 190 Ind. 338, 130 N. E. 536.

was not given. This rule requires a three days notice to the adverse party before the court either grants or refuses a verified motion for change of judge. Since there was no compliance with this rule, the relatrix is not in any position to mandate the Fayette Circuit Court to grant the change of judge.

The alternate writ of mandamus heretofore issued by this court is vacated and dissolved.

NOTE.—Reported in 81 N. E. 2d 683.