TRIGG *v.* CRIMINAL COURT OF MARION COUNTY, DIV. 2, SMITH, SPECIAL JUDGE.

[No. 29,309. Filed December 6, 1955.]

*H. Perry Smith,* and *Charles D. Rogers,* both of Indianapolis, for petitioner.

*Robert S. Smith,* Special Judge, *pro se.*

EMMERT, J.—This is an original action for a writ of prohibition. We issued a temporary writ, but after the return filed by the respondents, we vacated the temporary writ on July 25, 1955, with opinion to be filed thereafter.

The facts as disclosed by the verified petition and return with the exhibits thereto disclose that on October 28, 1953, an affidavit was filed with the respondent court charging Charles Price Webb and William Brady Trigg with robbery in the first count, and armed robbery in the second count. Before the proceedings here under attack, Trigg filed a recognizance bond and was released from custody thereon. On January 8, 1955, H. Perry Smith, a lawyer of this state with offices at 447½ Indiana Avenue, Indianapolis, entered his appearance for Trigg, and this appearance remained unrevoked all during the proceedings herein mentioned.

On February 8, 1955, Trigg appeared personally in court without counsel and personally filed an affidavit for change of judge. This affidavit was apparently drafted by some attorney, but no attorney's name appeared thereon as counsel for Trigg. While Trigg was yet in open court the regular presiding judge granted the change, and in the presence of Trigg made the following record:

> "Defendant Trigg files Affidavit for change of Judge, which reads as follows: (H.I.) motion is granted. Court names Ben F. Hatfield, Jr., Robert S. Smith and Samuel Garrison as a panel from which a Judge is to be selected."

The judge then and there informed Trigg of his action.

On February 10th Trigg, by his attorney, H. Perry Smith, filed an affidavit for change of venue from the county.

On February 11th the regular judge made the following entry:

> "Defendant Trigg not having struck from panel submitted on Affidavit for change of Judge, Clerk ordered to strike and comes H. Dale Brown, by his deputy, Elizabeth Zimmerman and strikes Samuel Garrison; State of Indiana by Keith Reese strikes Ben F. Hatfield, Jr., and the Honorable Robert S. Smith is selected as Special Judge. Defendant files written motion for continuance as follows: (H.I.)"

It appears from the affidavit of Madelle Howard attached as an exhibit to the return that she, as Chief Clerk of the Criminal Court of Marion County, Division 2, wrote the names of the panel from which to select a special judge on a piece of paper and submitted it to Trigg in person. Trigg then left the court room, and the Chief Clerk attempted to phone H. Perry Smith who was the attorney of record for Trigg.

On February 9th, H. Perry Smith appeared in open court and the Chief Clerk informed him that Trigg had filed an affidavit for change of judge, which had been granted, and that the judge had named the panel of attorneys from which to strike to select a special judge, and that the written panel was then submitted to Smith. Smith then stated, "I did not file for Change of Judge, that was the defendant's own doing. Because I want to try the case before Judge Rabb, who I think is most fair, I will not strike."

The gravamen of the petition in substance is that the trial judge did not submit the names of the attorneys to Trigg, or his attorney H. Perry Smith, for striking to select a special judge as required by Rule

1-12. At the time the petition for the writ was submitted to the Chief Justice in his chambers, counsel for Trigg stated they relied upon the decision of *Stephen* v. *State* (1934), 207 Ind. 388, 193 N. E. 375, to sustain their position. The petition contains specific allegations as follows:

"Your petitioner alleges that neither he nor any of his attorneys at law, including his Attorney, H. Perry Smith, ever agreed to the selection of the Honorable Robert S. Smith as such special Judge, and he says that the Honorable Saul I. Rabb, said regular Judge of said Criminal Court, never submitted to him or any of his Attorneys at Law, a list of three persons from which by striking, an appointee as Special Judge might be appointed, and there is no record in the cause that any list of such persons was ever submitted to petitioner or any of his Attorneys At Law."

. . .

"That at all times mentioned herein H. Perry Smith was the attorney of record for the defendant and petitioner herein, having entered his appearance for the defendant and petitioner herein on the 8th day of January 1955; that said attorney at law had Law Offices at 447½ Indiana Avenue, Indianapolis, Indiana with telephone number Melrose 5-7202, and that a certified copy of his appearance is filed herewith and marked Exhibit E. That at the time of said alleged striking, he was then and there attorney at law of record in said cause in said Criminal Court, but was never notified beforehand of said striking and that no such panel of prospective special judges was ever submitted to him, as petitioner is informed and believes, and therefore alleges as a fact."

The affidavit of Madelle Howard further states:

"That on the 11th day of February, 1955, the Honorable Saul I. Rabb ordered the Clerk of Marion County, Indiana, H. Dale Brown, through Elizabeth Zimmerman, his Deputy Clerk, to strike on behalf *of the defendant* William Brady Trigg, he and his attorney having been notified as aforesaid, and refusing to strike, the said Deputy Clerk struck the

name of Samuel J. Garrison. Keith C. Reese, Deputy Prosecuting Attorney of the 19th Judicial Circuit struck the name of Ben Hatfield and Robert S. Smith was selected as Special Judge in said cause."

Neither Trigg nor his attorney H. Perry Smith has ever made any affidavit to controvert the affidavit of the Chief Clerk, Madelle Howard. This affidavit in no way controverts any of the records of the court, but it corroborates and substantiates the same. Trigg himself could not be found for striking and subsequently breached his recognizance bond, for which the same was forfeited. Every reasonable effort was made to contact H. Perry Smith before striking, and it appears that he personally knew the panel had been submitted, and the names of all three attorneys nominated thereon for selection of a special judge.

The trial court followed a correct procedure in ordering the Deputy Clerk to strike for Trigg in order to select a special judge. The rule is now settled that where a motion for a change of venue from the judge has been filed and sustained and prospective judges have been nominated as provided by Rule 1-12, but the moving party thereafter fails to strike within the time allowed, the court may order the Clerk to strike in his stead, *Miller* v. *Trierweiler, Sheriff* (1952), 231 Ind. 350, 108 N. E. 2d 190, or he may in his discretion reassume jurisdiction of the case. *State* v. *Superior Court of Marion County* (1955), 235 Ind. —, 128 N. E. 2d 874. When a party fails to follow the requirements of the rule, he loses the benefits thereof. *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683.

When counsel for Trigg appeared in the chambers of the Chief Justice and presented their verified petition

for the writ, they as a matter of law made a ■ representation to the court that the matters and facts therein stated were true as far as they knew. *Pickering* v. *State Bar* (1944), 24 Cal. 2d 141, 148 P. 2d 1; *Ex parte Ditchburn* (1898), 32 Ore. 538, 52 Pac. 694; Sections 4-3608 and 4-3613, Burns' 1946 Replacement; Rule 3-20. See also *People* v. *Beattie* (1891), 137 Ill. 553, 574, 27 N. E. 1096; 52 Columbia Law Review 1039, 1041.[1]

The names of both counsel appear on the back of the petition as attorneys for the petitioner Trigg. The petition was more than a mere pleading, for ■ it constituted the evidence on which the court acted to issue the writ. *State ex rel. Howard* v. *Lake Circuit Court* (1954), 233 Ind. 459, 121 N. E. 2d 647; *State ex rel. Wall* v. *Cass Circuit Court* (1954),

---

1. "The lawyer's duty is of a double character. He owes to his client the duty of fidelity, but he also owes the duty of good faith and honorable dealing to the judicial tribunals before whom he practices his profession. He is an officer of the court—a minister in the temple of justice. His high vocation is to correctly inform the court upon the law and the facts of the case, and to aid it in doing justice and arriving at correct conclusions. He violates his oath of office when he resorts to deception, or permits his clients to do so. He is under no obligations to seek to obtain, for those whom he represents, that which is forbidden by the law. If he suffers false and perjured testimony to be presented to the presiding judge, with the possible result of inducing the latter to take jurisdiction of a cause, in which there would otherwise be no power to act and to grant a judgment or decree which the law would prohibit if the real character of the offered testimony were known, he cannot shield himself behind his supposed obligations to his client." *People* v. *Beattie* (1891), 137 Ill. 553, 574, 27 N. E. 1096.

"It shall be the duty of the attorney:

". . .

"Fourth. To employ for the purpose of maintaining the cause confided to him, such means only as are consistent with truth, and never seek to mislead the court or jury by any artifice or false statement of fact or law."

". . ." Section 4-3608, Burns' 1946 Replacement.

"An attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or judicial proceeding, is punishable for a misdemeanor, and shall also forfeit to the party injured treble damages, recoverable in a civil action." Section 4-3613, Burns' 1946 Replacement.

233 Ind. 192, 117 N. E. 2d 126. If anything was untrue in the petition, it was their duty as officers of this court to inform the court of the true facts. As far as this record discloses, the attorney H. Perry Smith knowingly participated in perpetrating a fraud upon this court. For that reason the matter should be referred to the Disciplinary Commission for investigation and such action as it may deem proper. The temporary writ having been obtained by fraud was properly vacated. The Clerk of this court is ordered to deliver a certified copy of this opinion to the Honorable Charles Baker, Chairman of the Disciplinary Commission.

The previous action of this court vacating the temporary writ is affirmed.

Landis, Achor and Arterburn, JJ., concur.

Bobbitt, C. J., not participating.

Note.—Reported in 130 N. E. 2d 461.