STATE EX REL. GOINS AND LOGSTON *v.* SOMMER, J., ETC.
[No. 29,698. Filed March 18, 1959.]

*McGaughey, McGaughey & Howard,* of Crawfordsville, for relators.

*Foley & Berry* and *Beecher Young,* both of Crawfordsville, for respondent.

LANDIS, C. J.—This is an original action brought by relators for writ of mandate to compel respondent judge to grant a change of venue from the judge in an action entitled *State of Indiana* v. *Goins et al.,* and for writ of prohibition enjoining further action in the proceedings by respondent except to grant the change. We granted the alternative writ.

From the petition and response it appears that application for change of judge was filed by relators (defendants below) and sustained by the court; that a list of three judges was handed down and defendants therein given two days within which to strike one name from the list submitted.

Five days later defendants attempted to strike one of the names from the list but respondent judge refused to allow the striking as the same was not done within two days from the time the list was handed down, and respondent reassumed jurisdiction of the cause.

Relators here contend respondent judge should be mandated to allow relators to strike off the name of

a judge and proceed with the change of venue. On the contrary, respondent contends relators' right to change of venue was lost by relators' failure to strike within two days from the date the list of special judges was handed down and consequently that respondent judge could reassume jurisdiction of the case.

We believe respondent's position is well taken in this case.

Rule 1-12 of this court providing for the selection of special judges is in part as follows:

"Hereafter whenever in any proceeding, whether civil, statutory or criminal, in any court except the courts of justice of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:
. . . . . .

"(3) If neither method provided for by (1) or (2) for the selection of a special judge be adopted, then the presiding judge . . . shall submit a list of three persons from which, by striking, an appointee may be selected. In an adversary proceeding each party may strike one name . . . . The moving party shall strike first. . . .
. . . . . .

"All of the proceedings hereunder shall be taken expeditiously. . . .

"When it becomes necessary to nominate a list under Paragraph 3, it shall be the duty of the judge, within three days after his attention has been called to that fact as above provided, to make such nomination and submit the same to the parties in the action, from which the parties within two days thereafter may strike as herein provided. . . ."

This court in the case of *Trigg* v. *Criminal Ct. of Marion Co. etc., et al.* (1955), 234 Ind. 609, 613, 130 N. E. 2d 461, 463, stated:

". . . The rule is now settled that where a motion for a change of venue from the judge has been

filed and sustained and prospective judges have been nominated as provided by Rule 1-12, but the moving party thereafter fails to strike within the time allowed, the court may order the Clerk to strike in his stead, *Miller* v. *Trierweiler, Sheriff* (1952), 231 Ind. 350, 108 N. E. 2d 190, or he may in his discretion reassume jurisdiction of the case. *State* [ex rel. City of Indianapolis] v. *Superior Court of Marion County* (1955), 235 Ind. 151, 128 N. E. 2d 874. When a party fails to follow the requirements of the rule, he loses the benefits thereof. *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683."

In the Trigg mandamus case, *supra,* it appeared relator Trigg as a defendant in a criminal case had applied for the change of judge, but could not be found for striking and subsequently breached his recognizance bond. We there held it was proper for the court to order the clerk to strike for the defendant and said that the regular judge could have reassumed jurisdiction of the case.

In the City of Indianapolis case, *supra,* the motion for change of judge by relator-plaintiff was filed and sustained and the names of judges handed down on February 28, 1955. On March 2 relator-plaintiff filed "dismissal" of the cause which was overruled by the court pending fixing appraisers' fees in the cause. The cause stood until May 9, when the court fixed the fees and ordered them paid. We held that by reason of the failure of relator-plaintiff to strike, he waived his right to a change of venue and that it was proper for the regular judge to reassume jurisdiction of the cause.

In the case before us relators did not strike within the two days during which Rule 1-12 states: ". . . the parties . . . may strike," nor within the time specified by the court in its order stating: ". . . two days are

granted the defendants within which to strike one name from the list submitted." It further appears from the memorandum attached to the return to the writ that the attorney who signed the change of venue petition was in open court on June 5 when the change was granted and the names handed down and was personally informed of the list. This is not refuted by relators.

The rules of this court and the lawful entries of the court in the cause below were binding on the litigants and their attorneys. The right to a change of venue is not absolute but must be taken in accordance with the applicable statutes and rules of this court governing the same. Our rules in this connection state "All of the proceedings hereunder shall be taken expeditiously." See: *Neal* v. *State* (1938), 214 Ind. 328, 14 N. E. 2d 590.

No reason has been advanced why relators did not strike below within the allotted two days but instead waited for five days. The underlying basis for change of venue should not be to foster and encourage delay by the parties litigant, but unfortunately that is frequently its real purpose. This court should not by court decision enlarge the time fixed by our own rules for taking changes of venue and thereby further impede the wheels of justice. We are unable to conclude here that the trial judge was not within his authority in denying relators the right to strike and in reassuming jurisdiction of the case upon the failure of relators to strike for a period of five days which was three days beyond the allotted time.

The alternative writ is dissolved and the petition for the permanent writ is denied.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 156 N. E. 2d 885.