**Ann BARELLI, Plaintiff-Appellant,**

**v.**

**Charles LEVIN, Defendant-Appellee.**

**No. 72–1425.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1973.

Decided July 9, 1973.

---

Owen W. Crumpacker, Hammond, Ind., for plaintiff-appellant.

Edmond J. Leeney, Hammond, Ind., for defendant-appellee.

Before MURRAH,* KILEY and SPRECHER, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an adverse judgment on a statutory triple damage claim for alleged fraud and deceit by an attorney in connection with a contingency fee contract in an Indiana divorce case. The operative facts are that Mrs. Barelli retained defendant Levin to prosecute a divorce action against her husband, and agreed to pay Levin 15% of the total amount of the recovery. Levin negotiated a settlement providing that each side would pay its own attorney fee. The court granted the uncontested divorce, and approved the negotiated settlement without specific reference to the fee arrangement.

The settlement provided for alimony payments to Mrs. Barelli, and upon entry of the decree Levin received a check in the amount of $50,000 payable to her. He obtained her endorsement and paid her $42,500, retaining the other 15% as provided in the contingency fee contract. Levin subsequently filed an attorney's lien against Mrs. Barelli's alimony judgment, so that each month Mrs. Barelli had to pay Levin 15% of her alimony check before she could receive payment. When Levin had received a total of $8,242.51, Mrs. Barelli ceased paying, and commenced suit to void Levin's lien. Levin counterclaimed, seeking the $20,857.50 then due under the contingency fee contract. The state circuit court sustained the validity of the contingency fee contract, and, accordingly, granted Levin judgment on his counterclaim for the $20,857.50.

The Indiana appellate court likened the contract to one to procure a divorce, contrary to public policy, and therefore void. The decision of the state circuit court was reversed only insofar as it granted judgment to Levin on his counterclaim. Barelli v. Levin, Ind.App., 247 N.E.2d 847 (1969). Mrs. Barelli thereupon filed this diversity suit, seeking

---

* Alfred P. Murrah, of the Tenth Circuit, sitting by designation.

treble damages under Burns Ind.Stats. § 4–7413, IC 1971, 34–1–60–9, which provides that "[a]n attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge, or a party to an action or judicial proceeding, is punishable for a misdemeanor, and shall also forfeit to the party injured, treble damages, recoverable in a civil action." Levin moved for summary judgment, supported by an affidavit to the effect that the contingency fee contract was obtained pursuant to the recommended fee schedules of the Hammond Bar Association, where Levin practices, and the Gary, East Chicago, and Indianapolis Bar Associations; that the Indiana Bar Association had similar recommended schedules in divorce actions, and that he was ". . . simply following a long-established procedure in obtaining a contingency fee contract." These facts are not controverted. Mrs. Barelli countered with an affidavit reading on her complaint, to the effect that Levin perpetrated a fraud on her and upon the court when he induced her to enter into a contingency fee contract, since Indiana law provides that the husband shall pay for the divorce, and that he concealed the contingency fee arrangement from the court.

The Indiana statute, of course, measures the dimensions of Mrs. Barelli's claim, and the Indiana federal trial judge, correctly we think, construed the Indiana statute to embrace intent to deceive as a "prerequisite to liability." The trial judge reasoned that, although Mrs. Barelli pleaded the perpetration of a fraud, the only cognizable fraud alleged is the fact of the execution of the contingency fee contract, and the failure to disclose it to the court; and that the mere execution of the contract, in accordance with accepted bar association standards, and failure to disclose, was not susceptible to a finding of intent to deceive, within the meaning of the Indiana statute. We agree.

We do not understand Mrs. Barelli to contend that Levin deceitfully or fraudulently induced her to enter into

the contract. Rather, as set forth in her brief, she ". . . charges defendant Levin with inducing her to enter into a contract which was illegal as contrary to public policy and, therefore, void." She contends that this states a claim under the statute. From this it seems reasonable to suppose that if the contract was legal under the laws of Indiana her complaint would not state a statutory claim for deceit. The contract was legal when made (*cf., e. g.,* State ex rel. Shannon v. Hendricks Circuit Court, 243 Ind. 134, 183 N.E.2d 331 (1962)), and a contract lawful when made does not become intentionally deceitful because it is subsequently declared void as against public policy (*see, e. g.,* National Dairymen Ass'n v. Dean Milk Co., 183 F.2d 349 (7th Cir. 1950), and Dent v. Ferguson, 132 U.S. 50, 10 S.Ct. 13, 33 L.Ed. 242 (1889)).

The judgment is affirmed.