**Marion R. MEIER, Plaintiff-Appellant,**

v.

**Louis PEARLMAN, Jr., George T. Schilling, James V. McGlone, et al., Defendants-Appellees.**

**No. 2–578A173.**

Court of Appeals of Indiana, First District.

Feb. 21, 1980.

Rehearing Denied March 24, 1980.

---

Marion R. Meier, pro se.

David L. Abel, II, Harry J. Jennings, Spangler, Jennings, Spangler & Dougherty,

Gary, for George T. Schilling and James V. McGlone.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Marion R. Meier, plaintiff below, appeals from a judgment of the Tippecanoe Superior Court, No. Two, granting summary judgment in favor of defendants George T. Schilling and James V. McGlone. Meier asserts that the summary judgment was procedurally defective and that Schilling and McGlone were not entitled to judgment as a matter of law. We affirm.[1]

## FACTS

In 1961, Meier instituted an action in the Tippecanoe Superior Court against Frank D. Sandefur, James A. Sell, Donald E. Jones, and O. D. Roberts, seeking to recover damages from said defendants for alleged false imprisonment, said action being Cause No. S–578–61 in said Court. It was alleged in Cause No. S–578–61, that the defendants named therein forced Meier to accompany them to the Veterans Hospital at Marion, Indiana, and that Meier was deprived of his liberty and confined in that hospital against his will and without his consent. Cause No. S–578–61 was tried before a jury in January, 1974, which resulted in a verdict for the defendants and adverse to Meier. Meier appealed to this court, and the judgment of the trial court was affirmed by an unpublished opinion entered in Cause No. 2–774–A–164 by the Second District of this Court. Meier's petition for writ of certiorari was denied by the Supreme Court of the United States.

On January 15, 1976, Meier filed this action, naming as defendants, Roberts, Jones, Sell, and Sandefur, the defendants in the first action; Loyal W. Combs, John F. McBrearty, and William A. Sandy, who were witnesses for the defendants in the first case; Louis Pearlman, Jr., Russell Armstrong, and Arthur Griffith, who were attorneys for Meier at one time or another during the pendency of the first case; and George T. Schilling and James V. McGlone, who were attorneys for the defendants in the first case. Generally, the complaint in this case charged the former attorneys for Meier with various charges of malpractice, conspiracy, fraud, and other misconduct; Roberts, Jones, Sell, and Sandefur, the prior defendants, together with Combs, McBrearty, and Sandy were charged with producing and rendering false testimony and evidence in the prior action; Schilling and McGlone were charged with various acts of misconduct including suppression of evidence, presentation of false evidence, distortion of the facts and the truth, production of false witnesses, production of false evidence and limitation of the scope and reach of Meier's proof and damages. Meier charges that the misconduct of all the defendants, as alleged, resulted in the adverse verdict in the false imprisonment case. Meier's only allegations and contentions against Schilling and McGlone are found in Count Three of his complaint which reads in its entirety as follows:

" *   *   *

### [Count Three]

6. Defendants Pearlman, Armstrong, and Griffith who represented Plaintiff in the said cause combined and joined with Defendants Schilling and McGlone to deprive Plaintiff of his just compensation and damages in the said action by suppressing evidence, presenting false evidence, distorting the facts and truth of the evidence, producing fake witnesses without challenge, producing false evidence without challenge, and in limiting the scope and reach of Plaintiff's proof and damages, such that Plaintiff's cause was lost.

7. Defendant has therefore been damaged in the sum of $500,000 and he has been forced to hire other counsel and to expend large sums of money to bring this suit. Defendant is entitled to punitive damages because the injury done him by said defendant was deliberate and malicious.

---

1. This cause was assigned to the writing judge on January 21, 1980.

\* \* \* " (Our insertion)

All defendants in this action except Pearlman filed motions for summary judgment, which motions have been granted by the trial court. It is from the granting of summary judgment in favor of Schilling and McGlone, the attorneys for the defendants in the first action, that Meier prosecutes this appeal.[2]

## ISSUES

1. Whether the summary judgment entered in favor of Schilling and McGlone was procedurally defective in that the trial court did not make findings as to the issues upon which there was no genuine issue of fact, and that the trial court failed to state its reasons for granting summary judgment.

2. Whether the trial court erred in granting summary judgment for Schilling and McGlone on the ground that the present action was an impermissible collateral attack on the judgment in the false imprisonment case and that, therefore Schilling and McGlone were entitled to judgment as a matter of law.

## DECISION

*Issue One*

It has been held that the court must state with particularity its reasons for granting summary judgment. *Harris v. Young Women's Christian Association of Terre Haute*, (1968) 250 Ind. 491, 237 N.E.2d 242; *Singh v. Interstate Finance of Indiana No. 2, Inc.*, (1969) 144 Ind.App. 444, 246 N.E.2d 776.[3]

Ind.Rules of Procedure, Trial Rule 56(C) provides in part as follows:

" \* \* \*

(C) MOTION AND PROCEEDINGS THEREON. The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. *The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.* \* \* \* " (Emphasis added)

Professor Harvey in his treatise on Indiana Practice says that the emphasized sentence in T.R. 56(C) was added to care for the problem raised by the *Harris* case, *supra*, and to "make it clear that the court granting summary judgment must state those issues and claims upon which summary judgment is granted." 3 W. Harvey, Indiana Practice, p. 547.

The summary judgment entered in favor of Schilling and McGlone simply states the court's finding that their motion for summary judgment "*should be sustained for the reason that there is no genuine issue as to any material fact and that said defendants, George T. Schilling and James McGlone, are entitled to judgment as a matter of law.* \* \* \* " (Emphasis added)

---

2. Schilling and McGlone's motion for summary judgment was based upon the pleadings, answers to interrogatories, and the record in this cause.

3. These cases were decided under the former statute pertaining to summary judgment (Burns Ind.Statutes, § 2–2524), and prior to the adoption of Ind.Rules of Procedure, Trial Rule 56.

Meier contends that the summary judgment entry is procedurally defective under T.R. 56(C), and under *Harris* and *Singh, supra,* for the failure of the court to state the issues upon which summary judgment was granted and for the failure of the court to state its reasons for granting summary judgment. Meier is in error in his construction of the law pertaining to summary judgments.

■ The requirement that the court state the issues and claims upon which summary judgment is granted applies only where summary judgment is granted on less than all of the issues. *Equitable Life Assurance Society of U. S. v. Crowe,* (1976) Ind.App., 354 N.E.2d 772; *Richards v. Franklin Bank & Trust Co.,* (1978) Ind.App., 381 N.E.2d 115. As Judge Lowdermilk said in the *Equitable Life Assurance* case, *supra* :

"Therefore, it is clear that TR. 56(C) requires a trial court to designate the issues or claims upon which it finds no genuine question of material fact only where it enters summary judgment on some but not all of the issues or claims in a case and tries the remaining issues or claims." (Citation omitted)

"Here, the trial court entered a final summary judgment encompassing all the issues and claims in the case. Therefore, neither Equitable nor this court was left in a quandary as to which issues or claims must meet the tests of TR. 56." 354 N.E.2d 772, 776.

Further, there is no requirement in T.R. 56 that the trial court must specifically state the legal basis for granting summary judgment. *Ahnert v. Wildman,* (1978) Ind. App., 376 N.E.2d 1182, where Judge Buchanan stated (at 376 N.E.2d 1189):

"Ahnert's fourth alleged procedural defect is that the trial court failed to identify the legal basis (reasons) relied upon in granting summary judgment, placing reliance on *Singh v. Interstate Finance of Indiana, No. 2, Inc.* (1969), 144 Ind.App. 444, 246 N.E.2d 776 . . . a case decided prior to the adoption of the present trial rules.

*There is no specific requirement in TR 56 that the legal basis relied on by the trial court in granting summary judgment be specifically stated. It would be an aid to appellate review if such a practice is followed, but it is not required."*
\* \* \* (Emphasis added)

The Court in *Ahnert, supra,* went on to say that if appellate review is frustrated by lack of statement of reasons, the appellate tribunal can remand to the trial court. However, the court in *Ahnert, supra,* said that the legal basis for the summary judgment was apparent from the record and remand was unnecessary. Other cases supporting the view that remand for a statement of reasons is unnecessary where the issues are few and readily ascertainable and remand would unnecessarily prolong the proceeding are *Lows v. Warfield,* (1971) 149 Ind.App. 569, 274 N.E.2d 553; and *Ware v. Waterman,* (1969) 146 Ind.App. 237, 253 N.E.2d 708.

■ Meier contends that because Pearlman remains as a party defendant and the issues as to him have not been resolved, the summary judgment in favor of Schilling and McGlone is on less than all of the issues and thus defective under T.R. 56 for failure to state the issues upon which summary judgment is granted. Meier's position is incorrect. All of the issues relating to Schilling and McGlone were covered by the summary judgment. The trial court found that there were no genuine issues of fact as to Schilling and McGlone, that they were entitled to judgment as a matter of law, and entered judgment that Meier take nothing by way of his complaint against Schilling and McGlone.

It is apparent from the record that the only issue raised by the motion for summary judgment of Schilling and McGlone was the contention that this action constituted an impermissible collateral attack on the judgment in Meier's first action for false imprisonment. The memorandum in support of the motion for summary judgment filed by Schilling and McGlone addresses that one issue. The issue upon which summary judgment was granted is clear and

apparent from the record. Further, summary judgment on that one issue was dispositive of the case against Schilling and McGlone. Summary judgment is appropriate where there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Letson v. Lowmaster*, (1976) Ind.App., 341 N.E.2d 785.

Meier's contention that summary judgment was rendered on less than all of the issues because Pearlman remains as a defendant with issues remaining to be resolved as to him is predicated upon an obvious misinterpretation of the rule. Meier confuses judgment as to less than all of the parties with judgment as to less than all of the issues as to parties in whose favor summary judgment has been entered. As we have demonstrated previously, summary judgment as to all of the issues raised by Schilling and McGlone, and which was fully dispositive of the litigation as to them, was entered by the trial court.

For the reasons which we have stated, the summary judgment entered in favor of Schilling and McGlone was not procedurally defective. We now proceed to a determination of whether summary judgment was properly granted.

*Issue Two*

In the memorandum accompanying their motion for summary judgment, Schilling and McGlone contend that the present action against them and the other defendants[4] constitutes an improper collateral attack upon the judgment in favor of the defendants in Cause No. S–578–61, the same being Meier's false imprisonment action.

In *Hermon v. Jobes*, (1935) 209 Ind. 196, 198 N.E. 316, the plaintiff (Hermon) had lost an action for personal injuries. Hermon then sued Jobes, a physician who testified for the defendant at the trial of the personal injury action; Pope, the defendant in the former case; and Pope's automobile insurance company, contending that these defendants conspired to present, and did present false testimony resulting in defeating Hermon's recovery. A demurrer was sustained to the complaint, and Hermon appealed. Our Supreme Court affirmed, stating at 209 Ind. 199, 198 N.E. 317:

"The rule in this state and in most of the courts in this country does not sustain appellant. *To permit the maintenance of such action would sanction a collateral attack upon judgments in other causes.*" (Emphasis added)

The Supreme Court further stated at 209 Ind. 203, 198 N.E. 319:

"The courts will not encourage continuous litigation. If the appellant's complaint had been held sufficient upon demurrer, and a trial afforded him, before a jury, in the Marion superior court, resulting in an adverse verdict and judgment, he would have been in a position to maintain another action based upon what he may have considered false testimony, which contributed to his loss. There would be no end to the litigation."

Our Supreme Court in *Hermon v. Jobes, supra*, further stated that so long as the original judgment remained, it imported absolute verity as to every proposition of law and fact essential to its existence against all parties to it. If that judgment was obtained by fraud, it should have been set aside in a direct action for that purpose.

In *Shultz v. Shultz*, (1894) 136 Ind. 323, 36 N.E. 126, it was held that an action for damages for fraudulently obtaining a judgment cannot be maintained by a party thereto so long as the judgment stands because a judgment for damages in the second case would operate as an impeachment of the first judgment. The court in *Shultz* found that the complaint failed to state facts to show that the judgment was obtained by fraud, but said that even if it had, the complaint would have been insufficient "because she [plaintiff] was a party to that judgment and she can only avail her-

---

**4.** The trial court granted summary judgment in favor of all defendants except Pearlman who did not request it. Griffith and Armstrong's motions were based upon statute of limitations.

The summary judgment motions of the other defendants were based upon the "collateral attack" contention.

self of that fraud in a direct proceeding to vacate and set aside the judgment." (136 Ind. at p. 330, 36 N.E. at p. 128.)

In *Nicholson v. Nicholson*, (1888) 113 Ind. 131, 15 N.E. 223, plaintiff's husband had obtained a divorce from her in February, 1879, without any alimony for plaintiff. Plaintiff contended that her husband obtained the divorce on false grounds, and further, that he promised her that he would abandon the divorce proceedings, and consequently, she made no defense. Later, the husband remarried, and in December, 1879, plaintiff brought an unsuccessful suit in a different court in the same county to review and set aside the divorce decree. In May, 1883, plaintiff brought an action to obtain relief from the divorce decree, or in the alternative, to recover damages on account of the alleged fraud practiced by the defendant in obtaining the divorce. Demurrers were sustained to her complaint, and on appeal our Supreme Court stated at 113 Ind. pp. 137–38, 15 N.E. pp. 225–26:

"It is contended, however, that even though the appellee may be barred from setting the judgment aside, because of her inexcusable delay, she may nevertheless recover damages for the injury which she sustained on account of the fraud practiced upon her by the appellant, in obtaining an inequitable and injurious judgment against her. Hence it is said the complaint is maintainable as a suit for damages. *This position is wholly inadmissible.* The theory of the complaint, considered as an action in tort for damages, is, that the appellant, at the time of filing his bill, and when he obtained the decree, had in fact no cause for divorce; that the plaintiff below had faithfully discharged all her marital obligations, and that all the charges in the appellant's complaint for a divorce, which imputed misconduct to the appellee, were false and without foundation in fact. Hence, the theory is, the fraudulently obtained judgment which annulled the appellee's marriage, and disrupted her marital rights, without making provision for her support, resulted in such injury and damage as authorize her to maintain an ac-

tion against the appellant. In short, the case comes to this: The appellee proposes to show in this collateral proceeding that the judgment of divorce ought never to have been rendered, or, if rendered, that provision ought to have been made therein for her support; and that because the appellant wrongfully obtained a judgment of divorce by the methods disclosed in the complaint, without making provision for her support, she is entitled to maintain an action for damages. All this, however, wholly ignores and sets at naught the well-settled and often reiterated rule, that a judgment rendered by a court having complete jurisdiction must be regarded by the parties thereto as speaking the exact truth in respect to all matters which were involved in the issue in that proceeding, so long as the judgment remains in force. However a judgment may have been obtained, unless it is void, it cannot be ignored, and the rights of the parties again inquired into in a collateral proceeding. . This was determined in the recent case of *Weiss v. Guerineau*, 109 Ind. 438, 9 N.E.Rep. 399, and the cases there cited. The rule applicable in this connection is well stated in the following language: '*The settled policy of the law, forbidding that a matter once adjudicated shall be again drawn in issue while the former adjudication remains in force, does not permit the prosecution of an action for obtaining a judgment by false and fraudulent practices, or by false and forged evidence. Neither can a party against whom judgment has been recovered, sustain an action against his adversary and the witnesses for damages occasioned by their conspiring together and procuring a judgment by fraud or perjury, as long as the judgment remains in force unreversed, because the charges made in the second action are conclusively negatived by the former adjudication.*' Freeman Judg., section 289." (Emphasis added)

This same issue has been dealt with by courts in other jurisdictions. In *Kessler v. Townsley*, (1938) 132 Fla. 744, 182 So. 232,

plaintiff brought an action against the parties upon the alleged conspiracy to commit perjury and the alleged commission of perjury by the defendants husband and wife in the trial of the former suit to defeat plaintiff's case. A demurrer was sustained and the judgment was affirmed by the Supreme Court of Florida which held that public policy prohibited such an action.

In a case where the parties of a minor child brought an action for damages against their own insurer and its adjuster alleging that they had been fraudulently induced to settle their minor daughter's claim for damages for personal injuries sustained as a result of the negligence of an uninsured motorist, which settlement had been submitted to and approved by judgment of the appropriate court, the District Court of Appeal of Florida, Third District, said:

> "Plaintiff-appellants contend that they may bring an action for damages based on fraud in obtaining a release and settlement where a court has approved the minor's settlement. We cannot agree.
> * * *
> It follows then that the order in question, being a final judgment, is not subject to collateral attack by the instant suit of plaintiffs for damages." (Citations omitted). "Plaintiff-appellants should go back to the circuit court, probate division, and pursuant to RCP 1.540 seek to set aside the judgment."

*Lee v. State Farm Mutual Auto. Ins. Co.*, (1974) Fla., 303 So.2d 349, 350.

In *Dean v. Kirkland*, (1939) 301 Ill.App. 495, 23 N.E.2d 180, the plaintiff filed an action for slander against one Kellogg. Subsequently, the plaintiff filed an amended complaint naming Kellogg's attorneys, an investigator, and another attorney, seeking damages for alleged false and malicious pleadings and false and malicious testimony. Plaintiff charged that the defendants wickedly intended to injure and falsely defame the reputation of plaintiff and to bring the plaintiff into disrepute and to impute dishonest and criminal conduct on her part and to maliciously and falsely defeat her just right to recover against Kellogg; that they wickedly and maliciously conspired to and did procure various persons to maliciously and knowingly give false testimony all to her detriment in her action against Kellogg. The trial court entered judgment striking the amended complaint and dismissing the cause. The plaintiff appealed and the judgment was affirmed. The court said:

> "We are of the opinion that *an action by a litigant will not lie against an opponent or against a witness where the gravamen of the charge is that the defendant has been guilty of perjury, or has suborned or attempted to suborn perjury.*" (Emphasis added) (23 N.E.2d 180, 187.)

The court stated further:

> ". . . *the tactics pursued by plaintiff in the case at bar would encourage and multiply vexatious suits and lead to interminable litigation. Each law suit would give birth to an infinite series of suits. . . .*" (Emphasis added) (23 N.E.2d 180, 188.)

The very recent case of *Anderson v. Anderson*, (1979) Ind.App., 399 N.E.2d 391, is one which had as its background a dissolution of marriage action wherein the husband, who was also an attorney, represented both himself and the wife in the dissolution action and in the negotiation of the property settlement agreement. The decree did not contain an adjudication of division of property or any indication that the settlement agreement was submitted to the court. No appeal was taken from the judgment in the dissolution proceeding. The wife then sued the husband-attorney for damages asserting, *inter alia*, fraud and deceit upon the part of the husband-attorney. The Second District of this Court stated that *it has long been the law in Indiana that a litigant defeated in a tribunal of competent jurisdiction may not maintain an action for damages against his adversary or adverse witnesses on the ground that the judgment was obtained by false*

*and fraudulent practices or by false evidence.*

██ We believe that the rule which protects a party or a witness against suits for damages brought by an unsuccessful litigant predicated upon the alleged fraud or perjury of such party or witness in defeating the claim should apply with equal force to attorneys representing the successful litigant in the initial action. The same public policy of preventing unwarranted collateral attacks upon judgments which have not been vacated, and barring the multiplication of vexatious litigation exists whether the defendant be a former party, witness, or lawyer.

Meier contends that he has a right of action against Schilling and McGlone, citing *Ayres v. Smith*, (1949) 227 Ind. 82, 84 N.E.2d 185. We believe the *Ayres* case, *supra*, to be readily distinguishable. In *Ayres*, the claimant had rendered services for the decedent for a period of 1240 weeks. Decedent's sole heir took claimant to the office of the attorney for the estate who advised her that she could only recover for the last six years. The attorney, apparently representing both the claimant and the estate, prepared a claim for claimant's signature which recited that it was for services for twenty-six years asking for $3200.00, and a settlement contract for $3250.00. Claimant filed an amended claim setting forth these facts, and asking for $15,000.00 less a credit of $2950.00. Within the term the judgment was entered she filed a motion to vacate and set aside the judgment because of the fraud practiced upon her in its procurement. The amended claim charged that the court overruled the motion to vacate and set aside the judgment. Upon trial of the amended claim, claimant received judgment for $9240.00; and the estate appealed. Our Supreme Court there stated that fraud can be predicated upon a misstatement of law made by an attorney, and further observed that there was evidence that the attorney controlled both sides of the litigation. The court construed the amended claim as an equitable proceeding *directly attacking the prior judgment*

*for fraud in its procurement* and said that an attack upon a judgment for fraud in its procurement is regarded as a direct attack, which is permitted, notwithstanding the decree or judgment questioned appears regular and valid upon its face.

In *Ayres v. Smith, supra,* the attack was by an amended claim in the same proceeding. The amended claim sought recovery *on the basis of the merits of the claim itself,* not by way of action for damages against the attorney for the estate. Meier can derive no support from *Ayres v. Smith, supra.*

An examination of the answers to interrogatories and affidavits filed in this case fails to reveal any factual basis for the assertion that Schilling and McGlone, or either of them, suppressed any evidence, produced any false witnesses, or false evidence, or perjured testimony; presented any fake witnesses or evidence; or conspired with the other defendants, in any manner, to limit the scope of Meier's case, or to defeat his false imprisonment action. There are no allegations in any of the pleadings, or statements in any of the answers to interrogatories or affidavits, or in Meier's response to the motion for summary judgment here in issue, which would support any charge of fraud by Schilling and McGlone in the procurement of the judgment against Meier in the first case, or which would in any way tend to show that either Schilling or McGlone engaged in any fraudulent, malicious, or tortious conduct against Meier. The record in this case shows nothing more than that Schilling and McGlone were sued simply because they were the attorneys who represented the successful defendants in Meier's false imprisonment action.

Meier contends that his action against Schilling and McGlone is authorized by the provisions of IC 34–1–60–9 which states:

"An attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge, or a party to an action or judicial proceeding, is punishable for a misdemeanor, and shall also

forfeit to the party injured, treble damages, recoverable in a civil action." [5]

The only cases which we have been able to find wherein a reference has been made to this statute are *Anderson v. Anderson, supra,* which we have previously discussed and cases in which the plaintiff sued *his own attorney* for deceit or collusion, *Barelli v. Levin,* (7th Cir. 1973) 480 F.2d 1207; *Whitesell v. Study,* (1906) 37 Ind.App. 429, 76 N.E. 1010; and concerning this statute, the court in *Whitesell* said:

> " * * * If a party to an action is injured in his person or property by the deceit or collusion of *his attorney,* he has a right of action by statute." * * * (Emphasis added)

37 Ind.App. 429, at page 435, 76 N.E. 1010, at page 1012. Also, the statute is cited in a footnote to *Trigg v. Criminal Court of Marion County Room 2,* (1955) 234 Ind. 609, 130 N.E.2d 461, which case involved the setting aside of a writ of prohibition issued upon a false representation made by an attorney to the court to procure the issuance of the writ. It is significant that *Trigg* involves fraud in the procurement of the writ which was attacked directly in the same proceeding wherein the temporary writ was issued.

Although the only cases referring to IC 34–1–60–9 of which we are aware deal either with actions by a client against his own attorney, *Berelli v. Levin, supra; Whitesell v. Study, supra;* or the issue of fraud in obtaining a writ of prohibition, *Trigg v. Criminal Court of Marion County, supra;* or the factual situation in *Anderson v. An-*

*derson, supra;* we recognize that it has been held in a number of cases in other jurisdictions that an attorney is personally liable to third parties when the attorney is guilty of fraud, collusion, or a malicious or tortious act. *Hoppe v. Klapperich,* (1947) 224 Minn. 224, 28 N.W.2d 780; [6] *Haggerty v. Moyerman,* (1936) 321 Pa. 555, 184 A. 654; [7] *Adelman v. Rosenbaum,* (1938) 133 Pa.Super. 386, 3 A.2d 15; [8] *White v. McCoy Land Co.,* (1936) Mo.App., 101 S.W.2d 763; 7 C.J.S. *Attorney and Client* § 52(b) p. 834; 7 Am.Jur.2d *Attorneys at Law* § 196 p. 161.

The case of *Miller v. Ortman,* (1956) 235 Ind. 641, 136 N.E.2d 17, is of a similar nature. There, the attorney was charged with tortious destruction of the plaintiff's business. There, our Supreme Court held that the fact that he acted solely as an attorney for a defendant corporation did not bar recovery against him in such an action, stating at 235 Ind. 685, 136 N.E.2d 41: "It made no difference in what capacity he acted. It was the nature of his acts and not his capacity which determines the liability [of] his conduct." (citing *White v. McCoy Land Co., supra;* and *Adelman v. Rosenbaum, supra.*)

Absent fraud, collusion, malicious or tortious conduct on the part of an attorney, the rule is equally well established that no liability to third parties arises from the attorney's conduct as an attorney for another. *McDonald v. Stewart,* (1970) 289 Minn. 35, 182 N.W.2d 437. In *McDonald v. Stewart, supra,* it was contended that the attor-

---

5. This statute was amended in 1978 to substitute "commits a class B misdemeanor, and he shall" for "is punishable for a misdemeanor, and shall."

6. *Hoppe v. Klapperich, supra,* is a case wherein the attorney was knowingly involved in abuse of legal process in a malicious prosecution.

7. *Hagerty v. Moyerman, supra,* involved an attorney who obtained a judgment for a client for $94.18, caused the judgment debtor's real estate to be sold, bid in the property for $75.00 at the sale, transferred the property to his nominee who obtained mortgages on the property and paid the money to the attorney, the attorney realizing a $10,000 profit. The judgment debtor sued the attorney. The court held that the attorney's conduct was fraudulent and that

the plaintiff could sue for an accounting and damages.

8. In *Adelman v. Rosenbaum, supra,* the attorney was held to be guilty of malicious abuse of legal process in ordering a deputy sheriff to levy upon the household goods of the plaintiffs when he knew or should have known that they were not the execution defendants named in the writ. The court, at 3 A.2d p. 18, stated the rule as follows:

> "An attorney is personally liable to a third party when he is guilty of fraud, collusion, or a malicious or tortious act, and he is liable, as anyone else, when he encourages and induces another to commit a trespass."

ney defendant induced his client to repudiate a land contract with the plaintiff. The trial court granted summary judgment to the defendant attorney. The Minnesota Supreme Court affirmed, saying that there was no evidence that the seller's withdrawal from the contract was any benefit to the attorney, and no evidence that the attorney acted maliciously or with an ulterior motive. The Court stated at 182 N.W.2d 440:

" * * * *[A]n attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship.* This immunity, to be sure, may not be invoked if the attorney, exceeding the bounds of this unique agency relationship, either is dominated by his own personal interest or knowingly participates with his client in the perpetration of a fraudulent or unlawful act." * * * (Emphasis added)

The court held in *McDonald* that the rule of immunity was properly applied.

The Colorado Appeals Court has stated that while fulfilling his obligation to his client, an attorney is liable for injuries to third parties *only when his conduct is fraudulent or malicious. Scavello v. Scott,* (1976) Colo.App., 549 P.2d 1337.

■ Thus, we believe that IC 34–1–60–9 is but a legislative statement of the general rule, and affords no remedy against Schilling and McGlone in this case unless there is some showing of fraud, collusion, malicious or tortious conduct on their part toward Meier. *Anderson v. Anderson, supra.*[9]

Assuming, then, that Meier would have an action against Schilling and McGlone, or either of them, for deceit and collusion in suppressing evidence; presenting false evidence, perjured testimony, and fake witnesses; and limiting the scope of Meier's case, with the ultimate result of a judgment adverse to Meier in the first case, Meier cannot prevail here. As we have stated previously, the record here is totally devoid of any factual basis which would support, even inferentially, a finding that there was

a genuine issue of fact that either Schilling or McGlone were guilty of any such wrongful conduct as might give rise to any liability on the part of Schilling and McGlone, or either of them, to Meier. There being no such facts shown in the record, Schilling and McGlone, acting as attorneys, were within the immunity rule stated in *McDonald v. Stewart, supra.* Further, under such circumstances, the action against Schilling and McGlone here is clearly the type of vexatious, multiple suits which it is the policy of the law to avoid, and constitutes an impermissible collateral attack upon the judgment in the false imprisonment case. Schilling and McGlone were entitled to summary judgment on the issue raised by them, and that issue was dispositive of the litigation against them.

The summary judgment granted by the trial court in favor of Schilling and McGlone was not defective either procedurally or substantively. The judgment is affirmed.

ROBERTSON, P. J., and NEAL, J., concur.

---

9. In *Anderson v. Anderson, supra,* the court held that IC 34–1–60–9 did not create a new cause of action, but, instead, trebles the damages recoverable in an action for deceit.