WILLIAM L. RICHARDS, JR. AND PATRICIA RICHARDS *v.*
FRANKLIN BANK AND TRUST COMPANY

[No. 1-977A207. Filed October 10, 1978. Rehearing denied November 14, 1978.]

*John T. Manning*, of Indianapolis for appellants.

*Larry D. Combs, Young, Huddleston & Combs*, of Franklin, for appellee.

ROBERTSON, J.—Plaintiffs-appellants, William L. Richards, Jr. and Patricia Richards (hereinafter Richards) sought in the Johnson Circuit Court, as against defendant-appellee Franklin Bank and Trust Company (Bank), monetary damages for breach of contract or quasi-contract, a lien on their home superior to any interest of the Bank's for the sum of any judgment received by the Richards in this action, and a decree of their equitable right to their home free of any claim of the Bank. Pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), the Bank moved for dismissal of the complaint for failure to state a claim upon which relief could be granted. From the granting by the trial court of such motion, the Richards have perfected this appeal.

## FORMER PROCEEDINGS

The litigation between these parties commenced April 1, 1975, when the Bank brought suit against the Richards in the Johnson Circuit Court,

requesting judgment on three debt instruments[1] which were in default and foreclosure on the Richards' home which had been mortgaged to the Bank to secure the debt. In turn, the Richards filed a counterclaim against the Bank.

Richards' counterclaim alleged the Bank had induced the Richards to purchase a tavern, the Nineveh Inn, at a sheriff's sale by orally agreeing to loan, on the Richards' "personal guarantee" and "without mortgages" sums of $5,500.00 and $15,000.00 to place them in the tavern business. Further, the Richards alleged that of the latter sum, the Bank loaned but $12,500.00, forcing the Richards to operate without sufficient capital and ultimately causing the business to fail. The Richards contended the notes and mortgages were made with a partial failure of consideration and were thus not negotiable instruments or valid liens against the property. The Richards prayed for monetary damages in the sum of $125,000.00 plus costs.

On December 22, 1975, the Johnson Circuit Court granted the Bank's Ind. Rules of Procedure, Trial Rule 56 motion for summary judgment. The court stated there existed no genuine issue as to any material fact, entered a number of findings as to the existence of and default on the debt instruments, and found for the Bank and against the Richards with respect to each allegation of the counterclaim. The court entered judgment for the Bank and against the Richards for $24,209.91, barred and foreclosed the Richards' interest in their home, and ordered the same sold by the sheriff. No motion to correct errors was subsequently filed, and no appeal was taken from the judgment.

### PRESENT PROCEEDINGS

On May 26, 1976, the Richards, filed a complaint in the Johnson Circuit Court seeking the relief summarized in the introductory paragraph of this opinion. In its motion to dismiss, the Bank contended essentially that the subject matter, issues, and parties were the same as in the

1. The Richards had given the Bank an installment note dated October 9, 1972, for a loan of $6,966.67. On December 12, 1972, a promissory note for $12,500.00 was executed by the Richards. The note was secured by a real estate mortgage on the Richards' home. Also on this latter date, the Richards executed and delivered to the Bank an indemnifying mortgage on their home to secure payment of all indebtedness of the Richards, whether then existing or incurred in the future. Finally, on April 24, 1974, the Richards executed a personal collateral note for $3,255.00.

former proceedings, that the December 22, 1975, judgment was *res judicata*, and that such judgment was a bar to the claims and causes of action set forth by the Richards in their May 26, 1976, complaint. The trial court, in granting the dismissal, found the December 22, 1975, judgment to have been on the merits, to be a final judgment, and to be a bar to all claims and causes of action set forth in the complaint.

## THE ISSUES

Two issues are raised here for our consideration.

1) Whether, as to the Richards' counterclaim in the former proceedings, there was a final judgment which would operate as *res judicata* in the present proceedings.

2) Whether the relief sought by the Richards in the two proceedings was sufficiently disparate to avoid the operation of *res judicata*.

We affirm.

The Richards first contend that when the trial court granted summary judgment for the Bank in the former proceedings, it failed to make particular findings on and state reasons for its denial of the Richards' counterclaim pursuant to the holdings in *Harris v. The Young Women's Christian Association of Terre Haute* (1968), 250 Ind. 491, 237 N.E.2d 242; *Singh v. Interstate Finance of Indiana No. 2, Inc.* (1969), 144 Ind.App. 444, 246 N.E.2d 776; and their progeny. This failure, it is asserted, made the judgment on the counterclaim defective and incomplete and therefore not a final judgment in the sense of *res judicata*.

As to the trial court's failure to enter findings on the issues deemed uncontroverted, we recently stated:

[I]t is clear that TR. 56(C) requires a trial court to designate the issues or claims upon which it finds no genuine question of material fact only where it enters summary judgment on some but not all of the issues or claims in a case and tries the remaining issues or claims. (Citations omitted).

*Equitable Life Assurance Society of U.S. v. Crowe* (1976), 170 Ind.App. 677, 354 N.E.2d 772, 776.

Here, as in that case, the trial court undertook to dispose of all the issues

and claims in the case by its entry of summary judgment. The court was therefore not obliged to make findings on the issues and claims upon which the summary judgment was granted.

While the *Harris* and *Singh* decisions *do* require that a trial court state with particularity the reasons for any summary judgment it grants, here, the alleged failure of the trial court in the former proceedings to satisfy that requirement affected the statute and finality of the judgment entered therein not a whit. The purpose of the requirement, it seems to us, is to disclose to the parties and to any reviewing court the facts and law utilized to decide the issues being addressed by the trial court, thereby facilitating an intelligent and coherent review of the trial court's action. *Harris, supra.*

It follows, we think, that in instances where no review is initiated, neither the presence nor absence of such reasons can reasonably be said to have any bearing on the operation of the summary judgment as a final judgment.

The Richards, in the former proceedings, did not file a TR. 59 motion to correct errors and made no timely attempt of any kind to remedy the alleged defect in those proceedings. It is clear that had the Richards neglected to bring the alleged defect to the attention of the trial court in a motion to correct errors, this court, on appeal, would be justified in deeming the error waived. *Equitable Life Assurance Society of U.S. v. Crowe, supra.* Why this alleged error should be accorded any greater deference or vitality when no motion to correct errors was filed and no appeal was taken is beyond our ken. It is our view that when the Richards failed to pursue an appeal from the judgment rendered in the former proceedings, they acquiesced in that judgment and waived the issue of the alleged error.

We agree with the Richards' statement in their appellate brief that "Finality is vital if *res judicata* is to apply." We disagree with their argument that the judgment in the former proceedings was less than a final judgment. As stated in 17 I.L.E. *Judgment* § 334 (1959):

A judgment cannot be set up in bar of a subsequent action unless it was a final judgment. A final judgment within the rule is one

which disposes of the subject matter of the litigation as to the parties as far as the court in which the action is pending has the power to dispose of it; it is one which determines the rights of the parties in the action, or a distinct and definite branch of it, and reserves no further question for future determination. (Footnotes omitted).

The record discloses that the trial court, by the judgment entered in the former proceedings, did intend to dispose of the subject matter of the litigation as to the parties as far as the court had the power to dispose of it and that there was reserved no further question for future determination. We therefore conclude that the judgment was final for *res judicata* purposes, and our conclusion would not be altered even if that judgment were to be erroneous or irregular. 17 I.L.E. *Judgment* § 333 (1959).

The Richards next contend that even if the judgment in the former proceeding was a final judgment on the merits, it is not *res judicata* as to the present proceedings because the equitable relief they seek now is a materially different cause of action from their former suit for damages.

The Richards maintain that their counterclaim in the former proceedings did not seek equitable relief and that the equitable relief sought in the present proceedings has never been adjudicated. They state, "Since the claim here, for equitable relief from foreclosure, is different from the demand for money damages in the former suit, estoppel does not attach."

We need not labor long in attempting to resolve the distinction. It is not the adjudication of the Richards' counterclaim in the former proceedings which is the bar to their sought for equitable relief from the foreclosure of their home. Rather, it is the adjudication of the Bank's complaint seeking the foreclosure. As to the foreclosure, the Richards, as plaintiffs in the present proceedings, would be relitigating precisely the facts and issues litigated in the former proceedings where the Richards were defendants. Clearly, the doctrine of *res judicata* applies to bar the Richards' claim in the present proceedings. 17 I.L.E. *Judgment* § 378 (1959).

We find no error by the trial court and, therefore, affirm.

Lowdermilk, J., concurs.

Buchanan, C.J. (By designation) concurs.

NOTE—Reported at 381 N.E.2d 115.