**FRATERNAL ORDER OF POLICE LODGE NO. 52, Appellant (Defendant Below),**

v.

**CIVIL CITY OF ELKHART, Indiana, Appellee (Plaintiff Below).**

No. 20A03–8905–CV–208.

Court of Appeals of Indiana, Third District.

March 19, 1990.
Rehearing Denied May 9, 1990.

Joseph V. Simeri, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for appellant.

John T. Neighbours, Hudnall A. Pfeiffer, and William O. Harrington, Baker & Daniels, Indianapolis, and Rebecca F. Butler, City Atty., City of Elkhart, Elkhart, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Fraternal Order of Police, Lodge No. 52 (the Lodge) appeals from a summary judgment entered in favor of plaintiff-appellee Civil City of Elkhart, Indiana (the City). In granting summary judgment, the Elkhart Superior Court determined that the collective bargaining agreement executed by the Lodge and the City on November 26, 1985 terminated on December 31, 1988, and that the employment relations between the parties were governed by the proposed contract submitted to the Lodge by the City on October 19, 1988.

The undisputed facts disclose that on November 26, 1985, the City and the Lodge entered into a collective bargaining agreement. The term of the agreement was set out in Article II:

"*Section 1.* This Agreement shall be in effect as [sic] January 1, 1986, and shall remain in full force and effect until and including the 31st day of December, 1987. It shall be automatically renewed from year to year thereafter unless either party shall notify the other in writing no later than April 15 of the calendar year following the anniversary date that it desires to modify or terminate this Agreement.

*Section 2.* The terms and provisions of this Agreement shall nonetheless remain in full force and effect until agreement on a new contract is reached.

*Section 3.* Between April 1 and April 15 of each calendar year, either party may notify the other in writing of its desire to reopen the Agreement, provided that such reopener and any resulting negotiations shall be limited to compensatory items as defined by Elkhart City Ordinance No. 3637 or its successor. It is agreed that all other provisions of this Agreement shall remain in full force and effect during such negotiations, and shall continue thereafter in full force and effect, with such modifications of compensatory items as may result, until the termination of this Agreement."

The collective bargaining agreement was modified in 1987. Thereafter, from October 1987 through January 1988, negotiating sessions were held during which noneconomic aspects of the contract were discussed but were not fully resolved.

In a letter dated May 13, 1988, the City proposed an agenda for future negotiations, thereby indicating its desire to modify the terms of the collective bargaining agreement. When the parties met on May 19, 1988, the City presented a written contract proposal. The Lodge refused to consider the proposal and rebuffed the City's repeated invitations to renew negotiations.

On October 19, 1988, the City submitted a written contract proposal as its last and final offer. The City advised the Lodge:

"[I]f we do not receive the benefit of a prompt response and no negotiations have taken place within thirty (30) days from the date of this letter, then this offer will become final and the City will implement the terms and conditions of the offer on January 1, 1989, as the binding agreement between the parties."

The Lodge responded that the 1986 collective bargaining agreement remained in effect and governed the parties' relations. From this impasse, the City instituted its declaratory judgment action.

On appeal from an adverse summary judgment, the Lodge challenges that portion of the trial court's decision which held that the collective bargaining agreement executed by the parties on November 26, 1985 terminated on December 31, 1988. According to the Lodge, the agreement could not be terminated by the City at will because the contract was permanent in duration. The City responds that the term of the agreement is better characterized as indefinite.

■ Whether the collective bargaining agreement is deemed a permanent contract or an indefinite contract, it remains an agreement terminable at will by either party.

"Indiana law provides that a contract providing for continuing performance and which has no termination date, or which provides that it will last indefinitely, is terminable at will by either party.

\*  \*  \*  \*  \*  \*

[E]ven if the contract had expressly provided for an indefinite duration, or for its perpetual continuance, it would have been terminable at will by either party." *House of Crane v. Fendrich* (1970), 146 Ind.App. 478, 482–483, 256 N.E.2d 578, 579–580 (quoting *Bell v. Speed Queen* (7th Cir.1969), 407 F.2d 1022, 1024–1025).

The Lodge argues that even if the collective bargaining agreement was terminable by the City at will, nonetheless the City's notice of termination was untimely under the provisions of the contract. The City's desire to terminate the collective bargaining agreement was expressed in a letter dated October 19, 1988. The agreement specified that notice of modification or termination must be submitted no later than April 15.

■ Strict performance of the terms of a contract on the part of one party may be waived by the other by acts which show a relinquishment of one or more provisions of the contract. *Clark Mut. Life Ins. Co. v. Lewis* (1966), 139 Ind.App. 230, 235, 217 N.E.2d 853, 857. Whether there has been a waiver is determined solely by the actions of the party holding the contractual right, without reference to any act or conduct of the other party. *Templer v. Muncie Lodge, etc.* (1912), 50 Ind.App. 324, 333, 97 N.E. 546, 549.

■ The undisputed facts of the instant case show that the Lodge waived strict performance of the notice provision contained in the collective bargaining agreement. In a letter dated May 13, 1988, the City indicated that it wished to modify the collective bargaining agreement and proposed an agenda for negotiations. Because the notice of modification was untimely, the Lodge was in a position to assert its right to notice in accordance with the terms of the contract. However, the Lodge did not insist upon timely notice; it agreed to meet with the City for negotiations regarding compensatory items. In 1987, as well, contract negotiations transpired without timely notice of modification by the City. The Lodge relinquished that contractual provision requiring notice of modification or termination by April 15. Therefore, the Lodge was precluded from asserting that the City's letter of October 19, 1988 was an

ineffective and untimely notice of termination.

Lastly, the Lodge maintains that the trial court could not declare the collective bargaining agreement to be terminated without first finding that the contract had been in effect a reasonable time. A permanent or indefinite contract is terminable at will, the Lodge contends, only after the contract has been in effect a reasonable time.

The Lodge apparently bases its argument upon the following principle of contract law: where the parties fix no time for the performance or discharge of obligations created by contract, they are presumed to have in mind a reasonable time. *See Monon R.R., etc. v. N.Y. Central R.R. Co.* (1967), 141 Ind.App. 277, 287, 227 N.E.2d 450, 456. What constitutes a reasonable time depends upon the subject matter of the contract, the circumstances attending performance of the contract, and the situation of the parties to the contract. *Jay Clutter Custom Digging v. English* (1979), 181 Ind.App. 603, 605, 393 N.E.2d 230, 232. The Lodge alleges no genuine issue of material fact with respect to those considerations.

The collective bargaining agreement was in effect from January 1, 1986 until December 31, 1988. The trial court properly could have determined, as a matter of law, that three years was a reasonable duration for the contract. The absence of a specific finding to that effect does not bar affirmance of the summary judgment on appeal. *See Richards v. Franklin Bank & Trust Co.* (1978), 177 Ind.App. 684, 687–688, 381 N.E.2d 115, 117–118.

The summary judgment in favor of the City is affirmed.

GARRARD and MILLER, JJ., concur.