Pamela RICHMOND, Plaintiff–
Appellant,

v.

ST. JOSEPH CARE CENTER WEST,
Defendant–Appellee.

No. 98–2441.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 1, 1998.

Decided Aug. 13, 1999.

Debra Voltz–Miller (argued), Fred R. Hains & Associates, South Bend, IN, for Plaintiff–Appellant.

Thomas J. Brunner, Jr. (argued), Baker & Daniels, South Bend, IN, for Defendant–Appellee.

Before COFFEY, ROVNER, and DIANE P. WOOD, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

This case presents the narrow issue of whether we must afford preclusive effect to the decision of an Indiana circuit court. The genesis of the litigation was the discharge of Pamela Richmond by St. Joseph Care Center ("St.Joseph's"). The facts underlying that discharge are of no relevance to this appeal, which turns solely on the interpretation of the Indiana decision, so we will not recite them. After her discharge, Richmond filed a claim of race discrimination with the South Bend Human Rights Commission (the "Commission") and the Equal Employment Opportunity Commission ("EEOC"). The Commission's hearing officer, Deborah Tuttle, held a hearing on the charge and issued a Recommended Order holding that Richmond was subjected to discrimination based upon her status as an African–American. The Commission, with one Commissioner dissenting, issued an order affirming the findings and conclusions of Tuttle, although the Commission employed different legal reasoning to arrive at the conclusion. The Commission sent the claim back to Tuttle for a recalculation of damages, after which the Commission affirmed its determination of liability and approved the recalculated damages, with the same Commissioner again dissenting. St. Joseph's then appealed the decision to the Indiana circuit court.

The Indiana court reversed the decision of the Commission based on two grounds: (1) no evidence in the record supported the conclusion that Richmond received disparate treatment in the manner in which she was discharged, or that the discharge was itself discriminatory; and (2) the Commission failed to independently consider and appraise the record, relying instead on its attorneys to advise it as to whether the hearing officer's recommendations were supported by substantial evidence in the record. The Indiana court then reversed the decision of the Commission and re-manded the case to the Commission "for further proceedings not inconsistent with this decision." On remand, the Commission readopted its prior order which found discrimination. The appeal from that order has been stayed.

While Richmond was pursuing her claim before the Commission and the Indiana court, she was exhausting her remedies before the EEOC. She ultimately received a right to sue letter, and filed a Title VII complaint in federal court. It is at that point that the two paths intersect. St. Joseph's filed a motion for summary judgment in the district court asserting that the Indiana court decision was res judicata in the Title VII suit. The district court agreed, dismissing the Title VII action as precluded by the Indiana decision under the doctrine of res judicata. Richmond now appeals that district court decision.

 The doctrine of res judicata applies because 28 U.S.C. § 1738 requires federal courts to give state court judgments the same full faith and credit that they would have in state court. In *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court held that the determination of whether to apply res judicata in this context is a two-pronged inquiry: (1) whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action; and (2) whether the state proceedings satisfy minimum due process requirements. *See also Welch v. Johnson*, 907 F.2d 714 (7th Cir.1990) Richmond does not contest the second prong of this test, but contends that the first part is not satisfied. Therefore, we consider only the preclusive effect that the Indiana court would afford the judgment. If the decision by the Indiana court would have res judicata effect in Indiana courts, then the decision is res judicata in this Title VII case, which would end the litigation because the Indiana court found no discrimination. *See Kremer*, 456 U.S. at 476, 102 S.Ct.

1883 (§ 1738 may preclude claims under Title VII); *Welch*, 907 F.2d at 719. Of course, the Commission again found discrimination on remand from the Indiana court, and that sequence of events is troubling. Unlike court decisions, however, administrative proceedings which have not been subjected to judicial review are not given preclusive effect in Title VII litigation in federal court. *University of Tennessee v. Elliott*, 478 U.S. 788, 796, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); *Welch*, 907 F.2d at 719. As a result, we cannot look to the agency decision to determine whether the Title VII case may proceed. The only proper focus is on the Indiana court decision. If that is res judicata in Indiana, then it is so treated in the Title VII action. And, if we are correct in our interpretation of the res judicata issue, then the apparent contradiction in results between the Commission and the Indiana court should be reconciled as well. If the Indiana decision is res judicata, then we would expect the decision of the Commission to be reversed on appeal to the Indiana court for that reason; if not, then the initial decision by the Indiana court would not affect the Title VII case.

We consider, then, only the effect that the Indiana courts would give to the Indiana decision. Richmond argues that the Indiana decision was not a final order because it was merely the first part of a two-step process. Richmond further contends that the Indiana court order is void, and that the Indiana court erred in applying the law.

Section 4–21.5–5–14 of the Indiana Code defines the role of the Indiana circuit court in reviewing an agency decision. That section provides that the court may grant relief from an agency decision only if the agency action is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence. Ind.Code § 4–21.5–5–14. In those circumstances, the Code provides that the court may set aside the agency action and "(1) remand the case to the agency for further proceedings; or (2) compel agency action that has been unreasonably delayed or unlawfully withheld." Ind.Code § 4–21.5–5–15. Indiana cases interpreting that provision have held that courts do not have the power to compel agency action as part of their initial review; instead, they must remand to provide the agency an opportunity to correct its own errors, and may compel agency action only if the agency unreasonably delays or unlawfully withholds redetermination of the case. *Indiana Alcoholic Beverage Com'n v. Edwards*, 659 N.E.2d 631, 636 (Ind.App.1995); *Bolerjack v. Forsythe*, 461 N.E.2d 1126, 1131–33 (Ind.App. 1984). In compliance with that provision, the Indiana court in this case remanded the case to the Commission once it held that the decision was not supported by substantial evidence in the record.

 Richmond asserts that the remand requirement sets up a two-step process, and that the Indiana court decision cannot be considered a final judgment for res judicata purposes because it must be followed by agency action. It is true that the doctrine of res judicata applies only to final judgments on the merits, but we disagree with Richmond's contention that the requirement is not met here. Her argument misconstrues the purpose of the remand requirement, and the meaning of the term "final judgment." Under Indiana law, a final judgment is "one which disposes of the subject matter of the litigation as to the parties as far as the court in which the action is pending has the power to dispose of it; it is one which determines the rights of the parties in the action, or a distinct and definite branch of it, and re-

serves no further questions for future determination." *Richards v. Franklin Bank & Trust Co.*, 177 Ind.App. 684, 381 N.E.2d 115, 118 (1978), *citing* 17 I.L.E. JUDGMENT § 334 (1959); *see also White v. Davis*, 428 N.E.2d 803, 804–05 (Ind.App.1981), and *Adams v. Marion County Office of Family and Children*, 659 N.E.2d 202, 205 (Ind. App.1995). The Indiana court's decision at issue here is a final judgment under that definition. The Indiana court held that the Commission erred as a matter of law in holding St. Joseph's liable because the Commission's determination of discrimination was not supported by substantial evidence in the record. The Indiana court then remanded the case "for further proceedings not inconsistent with this decision." That decision determined the rights of the parties, finding that St. Joseph's was not liable for discrimination on that record. On remand, the Commission in reconsidering the same record was left with no choice but to find no discrimination.[1] That the Commission ignored that command—and issued an opinion finding discrimination—cannot alter the nature of the Indiana court's opinion. Nor can the requirement that the Indiana court remand the case somehow render the decision non-final. The Commission was bound by the Indiana court's determination whether the Indiana court itself dismissed the case or whether it found as a matter of law that the case must be dismissed. *See e.g. Bolerjack*, 461 N.E.2d at 1132 (indicating that remand allows the agency to correct its own errors, and "there is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so."). However it is accomplished, the Indiana court has held that Richmond failed to present sufficient evidence to find St. Joseph's liable. The Indiana court disposed of the litigation as far as the court had the power to dispose

of it, and that is all that is required for a final judgment under Indiana law. That judgment was final for purposes of res judicata.

■ Richmond also asserts that if the Indiana court judgment is deemed final, it is a void judgment because the Indiana court does not have the power to order the agency to make fact findings. There is absolutely no evidence in this case that the Indiana court usurped the fact finding role of the agency. The Indiana Code expressly authorizes the court to determine whether the agency decision is contrary to law or unsupported by substantial evidence, and that is what the Indiana court did in reviewing the Commission's decision. Ind.Code § 4–21.5–5–14. Moreover, even absent statutory authority, Indiana courts have held that the principle of due process requires that the courts be able to review agency determinations to ensure they are supported by substantial evidence. *See Board of School Trustees of Muncie Community Schools v. Barnell by Duncan*, 678 N.E.2d 799, 804–05 (Ind.App. 1997). The only improper "fact finding" that Richmond points out in her brief is the finding of no discrimination. That holding, however, was a legal conclusion reached by the Indiana court in reviewing the facts in the record. The Indiana court held that, as a matter of law, the evidence in the record was not sufficient to establish discrimination. That decision falls properly within the Indiana court's role in determining whether the Commission's decision is contrary to law or not supported by substantial evidence. Therefore, the decision of the Indiana court is not void as beyond the power of that court.

■ Richmond also argues that the Indiana court was legally incorrect, in that it improperly applied a mixed motive analysis instead of the pretext analysis. That

---

1. The parties agreed that no further evidence was presented on remand, although they were unsure whether evidence could have been presented on remand. Because it is not presented here, we need not decide whether the result would be different where the agency may take further evidence on remand.

challenge to the Indiana court's application of the law should have been brought in a direct appeal to the Indiana appellate court. Our view of the correctness of the decision is not relevant in determining whether the doctrine of res judicata applies. *See Richards v. Franklin Bank & Trust Co.*, 177 Ind.App. 684, 381 N.E.2d 115, 118 (1978) (finality of a judgment for res judicata purposes not altered even if that judgment were "erroneous or irregular").

For the above reasons, the decision of the district court is AFFIRMED.