**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 22, 2005[*]
Decided September 28, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3844

| | |
|---|---|
| TONY FORE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| | No. 03-C-851 |
| BOSTIK FINDLEY, INC.,<br>    *Defendant-Appellee*. | Thomas J. Curran,<br>*Judge.* |

**O R D E R**

Tony Fore was employed by Bostik Findley, Inc. ("Bostik") from 1999 until Bostik laid him off in October of 2001. Fore, an African-American, claims that his layoff was the result of racial discrimination and sued Bostik under Title VII, 42 U.S.C. § 2000e *et seq.* In his appeal, Fore's principal argument is that there is a genuine dispute of material fact because a state administrative agency had found probable cause to believe Fore's termination was discriminatory. Because such

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

administrative findings are not binding on district courts and the district court acted within its discretion in not even considering the finding, we affirm.

Bostik filed a motion for summary judgment and, pursuant to E.D. Wis. L.R. 56.2(a), a list of 149 proposed findings of fact on June 1, 2004. Fore, through his attorney, filed a response but he failed to contest Bostik's proposed findings of fact by responding to each proposed fact as E.D. Wis. L.R. 56.2(b) required. Therefore, the district court took Bostik's version of the material facts as undisputed. We too accept as true Bostik's proposed findings of material fact, while drawing any reasonable inference in Fore's favor. *See, e.g., Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003).

Fore worked in the laminations department at Bostik for two-and-a-half years. During the latter part of his employment, Fore was subject to a number of disciplinary violations. In 2001 he received a written warning for insubordination and three written warnings for excessive absences under Bostik's attendance policy. Fore's performance evaluation in May 2001 included an overall "needs improvement" rating and noted deficiencies in his attendance, teamwork, and quality of work.

Bostik eliminated 20 positions in the laminations department from October 2001 through March 2002, including Fore's. To determine which employees would be laid off, Bostik supervisors rated employees using six criteria: job performance, job skills, safety, attendance, teamwork, and seniority. Because of Fore's attendance violations and his May 2001 "needs improvement" performance review, Bostik ranked him 33 out of 38 employees. It was Fore's low ranking, according to Bostik's undisputed facts, that caused his lay-off on October 31, 2001.

Fore contacted the State of Wisconsin Department of Workforce Development's Equal Rights Division ("ERD") in June 2002, claiming that his discharge was due to racial discrimination. In May 2003, the ERD issued an initial determination that probable cause supported Fore's claim of discrimination. There is no indication that any state court reviewed this finding. Thereafter, in September 2003, Fore filed his federal complaint alleging that Bostik fabricated its asserted reasons for laying off Fore as a cover for racial hostility.

When we construe his pro se appellate brief liberally, *see Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001), Fore presents two issues. First, he argues that the district court erred in granting summary judgment because the ERD's unreviewed probable cause determination, which the district court did not consider, itself establishes evidence of discrimination. Unreviewed state administrative proceedings have no preclusive effect on employee's Title VII claims in federal court. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794 (1986); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 (7th Cir. 2004); *Richmond v. St. Joseph*

*Care Ctr. W.*, 190 F.3d 500, 502 (7th Cir. 1999). Moreover, district courts have "significant discretion" to refuse even to consider such administrative agency determinations, *Young v. James Green Mgmt.*, 327 F.3d 616, 624 (7th Cir. 2003), and we cannot say the district court abused its discretion here. Indeed, the ERD report itself indicates that the probable cause determination would not be considered at a hearing on the merits. Furthermore, Fore's failure to specifically respond to Bostik's proposed findings of fact, as required by E.D. Wis. L.R. 56.2(b), meant the district court could properly consider only facts that Bostik presented with its summary judgment motion. With the agency determination properly excluded, it cannot create a genuine dispute of material fact. *See Halloway v. Milwaukee County*, 180 F.3d. 820, 827 n.9 (7th Cir. 1999).

Second, Fore argues that the district court erred in finding that he did not make out the fourth element of a prima facie case: that similarly situated employees outside his protected class were treated more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004); *see also Bellaver v. Quanex Corp.,* 200 F.3d 485, 493-94 (7th Cir. 2000) (discussing prima facie case in context of reduction in force). It is the plaintiff's burden to present admissible evidence of a specific employee outside his protected class who was treated more favorably than he, *Adams*, 324 F.3d at 939, and that employee must be "directly comparable to [him] in all material respects," *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002); *see Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 618 (7th Cir. 2000). This analysis entails a comparison of factors including whether the employees had the same supervisor, were subject to similar standards, and had comparable experience and qualifications. *See Patterson,* 281 F.3d at 680.

Fore failed to present admissible evidence of any similarly situated employee. While his appellate brief asserts that a number of Caucasians were treated more favorably, the only record evidence he cites in support of this claim is (1) the ERD report—which mentions a number of white employees—and (2) a ranking list of 38 employees. The ranking list merely contains the names of 38 Bostik employees, with utterly no information about their race, duties, supervisors, or past performance. And, as previously explained, the district court was well within its discretion not to consider the ERD report. Furthermore, although the ERD report mentions several white employees, Fore has adduced no evidence that any of these employees were comparable to him in all material respects. He has not detailed whether they possessed materially similar skills and qualifications, *see Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7th Cir. 2005), or whether they too had been subject to multiple warnings for attendance violations. The ERD report does not do so either. Fore's failure to meet the similarly situated prong with admissible evidence is fatal to his prima facie case.

AFFIRMED.